## Muir, Appellant, v. Hankele et al.

*Malicious prosecution—Malice—Want of probable cause—Advice of counsel.*

1. Where a prosecutor submits the facts to his attorney, who advises they are sufficient, and the prosecutor acts thereon in good faith, such advice is a defense to an action for malicious prosecution.

*Malicious prosecution—Joint tort-feasors—Action against prosecutor and his attorney—Pleading—Practice—Allegata and probata.*

2. In an action against a prosecutor and his attorney for malicious prosecution, where the statement avers that the prosecutor

acted under the advice of his counsel, a statutory demurrer will be sustained.

3. Where a joint tort is alleged, it must be proved, and if the proof is only of a tort by one defendant or of separate torts by different defendants, the action cannot be sustained against any of them.

Argued February 6, 1922.      Appeal, No. 15, Jan. T., 1922, by plaintiff, from judgment of C. P. Bucks Co., Sept. T., 1920, No. 15, for defendants on affidavit of defense in nature of demurrer, in case of Alfred H. Muir *v.* Allen J. Hankele and Wynne James. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for malicious prosecution. Before RYAN, P. J. The opinion of the Supreme Court states the facts. Judgment for defendants. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*John L. DuBois,* for appellant, cited: Wiest v. Traction Co., 200 Pa. 148; Aland v. Pyle, 263 Pa. 254; Baker v. Moore, 29 Pa. Superior Ct. 301; Humphreys v. Mead, 23 Pa. Superior Ct. 415.

*Isaac J. Vanartsdalen* and *Calvin S. Boyer,* for appellees, were not heard.

PER CURIAM, March 6, 1922:

In this case the two defendants, by affidavit of defense, in effect demurred to the statement of plaintiff, in which the latter claimed damages against the former for malicious prosecution, alleging, inter alia, that defendants were client and attorney in the prior action, and charging them in the present suit as joint tort-feasors; judgment was entered for defendants, and plaintiff has appealed.

We adopt, as correctly disposing of the case, the following excerpts from the opinion of the court below: "The tort with which they [defendants] are charged is an alleged malicious prosecution of plaintiff for larceny and larceny as bailee, upon information lodged by defendant Hankele, who, at the time, it appears by the statement of claim, was acting under the advice of defendant James, his attorney.   In Minnich v. Electric Ry. Co., 203 Pa. 632, 636, the Supreme Court says: 'The point decided in these three cases [referring to Howard v. Union Traction Co., 195 Pa. 391; Dutton v. Lansdown Borough, 198 Pa. 563; and Wiest v. Electric Traction Co., 200 Pa. 148] was that where a joint tort is alleged, it must be proved, and that if the proof is only of a tort by one defendant or of separate torts by different defendants, the action cannot be 'sustained against any of them.'   Had suit been brought against defendant Hankele alone, and the statement of claim disclosed, as in this action, that at the time he caused the arrest of the plaintiff he was acting under the advice of his attorney, the action could not have been maintained, under the authorities.   In such actions, want of probable cause and malice must concur: McClafferty v. Philp, 151 Pa. 86, 91, [where it was said] 'Nothing is better settled than that, when the prosecutor submits the facts to his attorney, who advises they are sufficient, and he [the prosecutor] acts thereon in good faith, such advice is a defense to an action for malicious prosecution.   Strictly speaking, taking advice of counsel and action thereon rebuts the inference of malice arising from want of probable cause.   [See also] McCarthy v. DeArmit, 99 Pa. 63, 70; Emerson v. Cochran, 111 Pa. 619, 622.   If the advice of an attorney, acted upon in good faith, will rebut malice where there is want of probable cause, how can an action be maintained against him for giving it?   If either of the defendants is shown by the statement of claim to have a defense to the action, there can be no recovery against the other defendant, in a joint action, whatever the

facts may be.  We reach the conclusion that this action against both defendants cannot be maintained and judgment must be entered accordingly." See Pension M. L. I. Co. v. Whiteley, 261 Pa. 304.

There is nothing in the averments of the statement of claim to take the present case out of the general principles above referred to.

The judgment is affirmed.