## Goodwin v. Morgan

*Cadmus & Morton*, for plaintiff.

*Griffith, Kurtz & Harvey*, for defendant.

WINDLE, P. J., October 31, 1955.—On March 4, 1955, plaintiff filed a præcipe for writ of summons in trespass in the above entitled case. According to the return of the sheriff filed March 14, 1955, said writ was duly served on March 11, 1955. On April 12, 1955, counsel for plaintiff served notice on defendant that, pursuant to rule 4007, Pa. R. C. P., the deposition of defendant "will be taken on oral examination at the Grand Jury Room of the Court House, West Chester, Pennsylvania, on April 22, 1955, at three P. M." On April 19, 1955, on motion of counsel for defendant a rule was granted by the court on plaintiff to show cause why he should not file of record with the prothonotary a notice containing a statement showing that the scope and purpose of the proposed deposition meet the requirements of rule 4007(a),

why defendant should not be allowed time to file objections thereto and that "The proposed depositions for discovery are sought in good faith at this stage of the proceedings", and it was ordered that all proceedings stay meanwhile. Subsequent to the return day of said rule this court made it absolute and directed the filing of the notice sought. On July 21, 1955, plaintiff filed with the prothonotary notice of the taking of deposition on oral examination of defendant on September 7, 1955, and stated the purpose thereof to be to obtain "information which will substantially aid the Plaintiff in the preparation of his complaint and in his preparation for trial" and that "plaintiff proposes to limit the scope of this examination to the following:

"a. The whereabouts and activities of the Defendant between the hours of one P. M. and ten P. M. on December 24, 1954.

"b. The identity and whereabouts of any witnesses to the whereabouts and activities of the Defendant at the above mentioned times."

On July 29, 1955, counsel for defendant presented a motion to the court in which he moved for the entry of an order that said deposition of defendant to be taken on September 7, 1955, be not taken, assigning in support thereof the following reason:

"1. No cause of action has been set forth in said action; hence it is now impossible to determine what is relevant to the subject matter involved in the action."

Upon said motion a rule on plaintiff was duly granted, which, after argument, is now before us for disposition. We have concluded it must be made absolute.

Defendant's position is well taken. Until something more than a præcipe for summons in trespass has been put on the record by plaintiff it is impossible to

tell whether or not the depositions sought are relevant to the subject matter involved in the action. And it is only such matter that deponent may be examined about under the provisions of rule 4007, Pa. R. C. P. In this case whether or not the information sought to be obtained by deposition on oral examination of defendant has any relevancy to the suit brought cannot be determined. Plaintiff may not be allowed to ascertain whether or not he has any cause of action at all against defendant by getting him into court by service of a summons and then subjecting him to oral examination. Such practice is not within the provisions or contemplation of the rule. After the complaint has been filed and a cause of action averred so that the "subject matter involved in the action" appears of record it may be, in proper circumstances, that the deposition of defendant may be taken on oral examination to assist plaintiff. In that situation the relevancy of the depositions to the subject matter of the action can be determined. But until that is done and it is then possible to determine such relevancy no such depositions may be taken.

If it be argued that the first sentence of rule 4007 speaks only of discovery "of the identity and whereabouts of witnesses", which is one of the things here sought to be inquired into, and says nothing about relevancy to the subject matter of the action, the answer is that until the subject matter is known it cannot be determined who are witnesses. The averment in the notice of taking depositions as to certain times and places does not supply averments as to subject matter of the action that should be made, under oath, in a complaint. For all that appears on the record the information here sought by deposition may be sought for some purpose other than prosecuting this action.

Rule absolute. The depositions, notice of the taking of which was filed July 21, 1955, will not be taken.