## Rush v. Butler Fair and Agricultural Association

*Carmen V. Marinaro*, for plaintiffs.

*Lee C. McCandless*, for defendants.

McKAY, J., (thirty-fifth judicial district, specially presiding) May 24, 1956.—This matter is before the court on a motion for a protective order under Pa. R. C. P. 4012(*a*).

On May 12, 1956, plaintiffs filed a praecipe for a summons in equity.

On May 14th defendants entered a rule on plaintiffs to file a complaint, pursuant to Pa. R. C. P. 1037.

On May 18 plaintiffs petitioned the court for leave to take depositions of three witnesses, pursuant to Pa. R. C. P. 4007(b), in order to secure information to aid them in the preparation of the complaint. Thereupon the court granted them leave to take the depositions without waiting the expiration of 20 days from the commencement of the action.

On May 19 counsel for defendants served a notice of taking depositions on oral examination of the three plaintiffs, the notice providing that depositions would be taken on May 22.

On May 21 plaintiffs presented the pending motion for a protective order.

On May 22 a hearing on the motion for a protective order was held in open court, all parties being represented by counsel. Following the hearing, a temporary order was entered restraining defendants from taking the depositions of plaintiffs, pending final disposition of the motion.

In their motion and at the oral argument, plaintiffs set forth four reasons in support of their motion for a protective order. First, they contend that having received leave of court to take the depositions of the three witnesses whom they wish to examine prior to the serving of defendants' notice to take the depositions of plaintiffs, the latter are entitled to priority in the taking of the respective depositions. We find no merit in this contention for the reason that the witnesses to be examined are in the two proceedings different persons and it is immaterial which party's depositions are taken first.

In the second place plaintiffs complain that they did

not receive reasonable notice of the taking of the depositions and that as a result of the inadequacy of notice, one of their attorneys had made previous commitments making it impossible for him to be present. However, plaintiffs were served on May 19, with notice that the depositions would be taken on May 22. This is a longer period of notice than the 48 hours notice which was required for the taking of depositions under the law prior to the adoption of the procedural rules. Since plaintiffs all reside in Butler, it would seem that 72 hours notice of the taking is reasonable.

The third reason assigned by plaintiffs is that, until a complaint has been filed, it is not possible to determine what information is relevant to the subject matter involved in the action.

This reason appears to have merit.

Pa. R. C. P. 4007(*a*) reads:

"Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

It is not contended that the purpose of defendants' deposition is to ascertain the identity and whereabouts of witnesses. Therefore, depositions may be taken only as to any unprivileged matter which is relevant to the subject matter involved in the action and which, in addition, will substantially aid in the preparation of the pleadings or the preparation or trial of the case. Obviously it is impossible to determine what matter is relevant to the subject matter involved in the action

in the absence of a complaint setting forth the cause of action.

Similarly, defendants do not require aid in the preparation of an answer or in the preparation or trial of the case until the complaint which is to be answered has been filed and the nature of plaintiffs' cause of action is made known.

It necessarily follows that the testimony of a person for the purpose of discovery may not be taken, at least at the instance of defendants, regarding any matter except the identity and whereabouts of witnesses until the complaint has first been filed.

Defendants contend that their right to take depositions at any time is absolute and unlimited except by the limitations set forth in rule 4011, which are not pertinent to the pending motion. In our opinion, however, their right is subject to the limitations necessarily implied by the language used in the rule which grants the right to take the depositions.

A similar result was reached by the court in the case of Goodwin v. Morgan, 4 D. & C. 2d 668 (1955). In that case plaintiff sought to take depositions to aid him in preparing his complaint. The scope of the examination was limited to the whereabouts and actions of defendant between certain hours on a certain date. In that case the court granted a protective order barring the taking of the depositions on the ground that, no complaint having been filed, it was impossible to determine what was relevant to the subject matter involved in the action. The court said, p. 669:

"Until something more than a praecipe for summons in trespass has been put on the record by plaintiff it is impossible to tell whether or not the depositions sought are relevant to the subject matter involved in the action. And it is only such matter that deponent may be examined about under the provisions of rule 4007 Pa. R. C. P. In this case, whether or not the informa-

tion sought to be obtained by deposition on oral examination of defendant has any relevancy to the suit brought cannot be determined."

Although, in the Goodwin case, it was plaintiff who sought to take the depositions, there would be even more reason to bar their taking in advance of the filing of a complaint when it is defendant who claims that he requires the aid of discovery to prepare his pleadings. Conceivably there could be some need for a plaintiff to obtain aid by discovery in drafting his complaint, whereas there could be no necessity for a defendant to require this aid in drafting his answer in the absence of a complaint to be answered.

The fourth reason, viz., that the discovery is sought in bad faith, is not supported and, in view of the validity of the third reason, need not be considered.

### Order

Now, May 24, 1956, it is ordered that the depositions, notice of the taking of which was filed by defendants on May 19, 1956, will not be taken until after the complaint has been filed and served.