## Purcell v. Westinghouse Broadcasting Co.

*I. Raymond Kremer*, for plaintiff.
*George D. Sheehan*, for defendants.

GRIFFITHS, J., April 5, 1957.—Plaintiff issued a summons in trespass against defendants and thereafter filed a petition for discovery on which a rule was granted. No complaint has been filed.

In his petition for discovery plaintiff avers his action in trespass is for libel and slander by reason of a certain broadcast on radio station KYW, known as "Tow a Crooked Mile," on March 20, 1955, from 4 to 4:30 p.m. He avers he does not have access to any recording or transcript of the broadcast which is in the sole and

exclusive possession of defendants. He further avers specific knowledge of the contents and wording of the broadcast is essential and necessary for the preparation of his complaint. The discovery he seeks is, therefore, production for inspection of the said recording.

Plaintiff has proceeded under Pa. R. C. P. 4009(*1*), which provides as follows:

"Subject to the limitations provided by Rule 4007(a) and Rule 4011, the court, on the motion of a party may

"(1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control."

Defendant argues that rule 4007(a) limits solely as to the taking of depositions and therefore does not apply to the instant case which pertains to an inspection. If this argument were valid, there would be no need to provide in rule 4009 any limitation set forth in 4007(a) for 4009 does not in any respect pertain to depositions. Its purpose is the inspection of certain tangible things and entry upon land or other property for inspection. We are of the opinion it is the intention that 4007(a) be used as a procedural guidepost for 4009.

This rule 4007(a) provides as follows:

"Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and *will substantially aid in the preparation of the pleadings* or the preparation or trial of the case." (Italics supplied.)

Defendants' principal defense to the granting of the relief sought is that a complaint must first be filed before such discovery may be invoked. They aver in their answer to the petition that they are without knowledge as to the basis of the action since no complaint has been filed. While it is true no complaint has been filed, defendants certainly are not without knowledge of the basis of the cause of action, for the petition itself informs them of such basis. In discovery proceedings a petition for discovery is an adequate and sufficient means of informing the opposite party of the subject of the litigation. The petitioning litigant will be bound by the averments in his petition for discovery.

Rule 4007(a) by inference implies discovery may be had prior to the filing of the complaint when it reads "will substantially aid in the *preparation* of the pleadings." . . . (Italics supplied). There can be no question as to what a pleading is, for such is clearly set forth in Pa. R. C. P. 1017. Of the seven pleadings there allowed, the complaint is the initial one from which all the others proceed.

Defendant relies on Goodwin v. Morgan, 4 D. & C. 2d 668 (1955). There plaintiff sued in trespass by issuing a summons and before filing a complaint he sought to take defendant's depositions as to where he was on a certain day and the names of witnesses as to his activities. The court there correctly held the taking of such depositions was improper. Where defendant was on the day in question and who was with him at the time in no way can aid in the preparation of a complaint. Such information will clearly aid in proving the case but the case must first be presented.

Here, however, plaintiff lacks essential information to set forth in adequate terms his cause of action. He must know the language of the broadcast before he can aver it. Defendant would frustrate plaintiff in his effort to set forth a cause of action. To prevent such frustration is one of the purposes of these rules.

Defendant next contends the limitation of rule 4011(d) prohibits plaintiff from the discovery sought. This rule provides as follows:

"No discovery or inspection shall be permitted which . . .

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses;"

It is clear to us that this rule restricts as to acquiring information from your opponent gathered by him in preparation or anticipation of litigation, except as to identity or whereabouts of witnesses he may have learned while preparing his case.

For defendant's argument to be valid in this respect, he would have to contend that "Tow a Crooked Mile" was prepared and broadcast "in anticipation of litigation", an averment we are sure he would not make.

We, therefore, can find no basis in law or fact to refuse plaintiff's petition for discovery. This is especially true when we consider rules relating to discovery are to be liberally construed: Klosterman v. Clark, 78 D. & C. 263 (1951) ; Regency Clothes, Inc., v. Progressive Clothes, Inc., 78 D. & C. 450 (1951).

Wherefore, we enter the following

### Order

And now, April 5, 1957, the rule heretofore granted on defendants is made absolute and defendants, or any of them, are ordered to produce the said recording and transcript within 15 days from the date hereof at such time and place as may be agreed upon by counsel for the parties.