Lapp *v.* Titus, Appellant.

*Donald B. Corriere,* with him *Haber and Corriere,* for appellant.

*William G. Ross* with him *Sigmon, Littner & Ross,* for appellees.

OPINION BY HOFFMAN, J., March 27, 1973:

This is an appeal from the order of the lower court assessing appellant with costs incurred by plaintiff-appellees incident to unsuccessful attempts by them to take appellant's deposition.

On Friday, May 12, 1972, appellees instituted this libel action by filing a praecipe for a writ of summons and having same served upon appellant. On Monday, May 15, 1972, appellees petitioned under Pa. R.C.P. No. 4007(b)[1] for leave of court to take the appellant's deposition within 20 days of the commencement of the action. On the same day the court granted appellees leave to take the appellant's deposition on or after May 19, 1972, and/or any day thereafter within the twenty-day period. On Wednesday, May 17, appellants were served with notice that their depositions would be taken on Friday, May 19, at the offices of appellees' counsel.

On Thursday, May 18, appellants filed a motion for a protective order under Pa. R.C.P. No. 4012 demanding

---

[1] Rule 4007(b) provides: "(b) The deposition may be taken without leave of court, except that leave must be obtained if notice of the taking is served by the plaintiff within twenty (20) days after commencement of the action."

first, that depositions not be taken until appellees first file a complaint; and, second, that the place for the taking of the depositions be changed. Appellees were served with a copy of this motion on the same day.

On Friday, May 19, the day scheduled for the taking of depositions, appellee was present, with stenographer, at the time and place designated in the May 17 notice. Relying upon the advice of counsel, appellant did not attend the scheduled depositions.

On Saturday, May 20, appellant was served with notice that his deposition would be taken on Tuesday, May 23, at the Northampton County Courthouse at 12:30 p.m. Appellant's counsel was notified of this on the following Monday, at which time he prepared a second motion for a protective order which was filed on Tuesday morning, the day on which the depositions were scheduled. The only relief demanded in the second motion was that appellees be required to file a complaint before any depositions be allowed. Appellees were present at the scheduled time and place, but appellant did not attend, relying again upon counsel's advice that he was not required to attend because of the pending motion for a protective order.

Appellees then filed a rule to show cause why appellant should not be held in contempt of court for failing to attend the scheduled depositions. A hearing was held upon the rule on May 30, 1972. The court dismissed the rule, *finding appellant not in contempt of court,* but, nevertheless, imposing upon him the costs of the aborted depositions.[2] We believe that the lower court erred in imposing costs and reverse that court's order.

---

[2] Although the court found appellant not in contempt of court, it could, nevertheless, impose costs upon appellant for failing to attend the depositions under Rule 4019(a)(2) as an appropriate order thereunder.

In failing to attend the scheduled depositions, appellant relied upon Pa. R.C.P. No. 4013, which provides: "The filing of a motion or application under this chapter shall stay the proceedings with respect to the depositions or discovery to which the motion or application is directed; and the court may stay all proceedings in the action until disposition of the motion or application. Adopted Nov. 20, 1950. Eff. June 1, 1951. Amended April 12, 1954. Eff. July 1, 1954." In clear language, this rule provides that the mere filing of a motion or application under the chapter dealing with discovery automatically stays the discovery proceedings. Goodrich-Amram Civil Practice, Procedural Rules Service, §4013-1 (1954). The rule is especially applicable to motions for protective orders filed under Rule 4012. Id. §4012(a)-15. The rule is not limited to depositions taken at the initiative of the parties, but applies without exception to all discovery proceedings. Thus, the lower court was in error in holding the rule inapplicable to depositions taken within twenty days of the commencement of the action with leave of court under Rule 4007(b). Leave of court under that rule merely permits taking of depositions otherwise not allowed, but does not *order* the taking thereof. It remains the duty of the moving party to notify the deponent and schedule the depositions. Moreover, the need for the same types of relief provided by the protective order procedure remains the same whether the depositions are taken with leave of court or at the behest of the moving party after 20 days have passed since the commencement of the action.

We share the concern of the lower court for the smooth and efficient functioning of the discovery procedures, and its concern that Rule 4013 might be abused with the result that discovery procedures could be interrupted and delayed unilaterally by the filing of

frivolous motions.[8] It would, however, fly in the face of the language of the rule to hold, as the lower court did, that the depositions to which a proper motion is directed are not automatically stayed by the filing of such a motion whether those depositions are taken with leave of court or at the initiative of the moving party.

As an alternative justification for imposing costs upon appellant the lower court held that the motions were filed in bad faith. We cannot agree with this conclusion.

Appellant's first motion for a protective order sought a change in the place at which the depositions were to be taken. There is nothing in the record to indicate that such a change was sought in bad faith, that it was unnecessary, or that it was an unreasonable request to make. The relief requested is specifically provided for in Rule 4012(a)(2) on motion. Rule 4013 therefore applies to such a motion, and, the filing thereof automatically stays the taking of depositions. Absent some indication of bad faith, the lower court was without justification in imposing costs upon appellant for depositions which were stayed by the rules.

With respect to the reason advanced in the second motion for a protective order, the lower court held that it was filed in bad faith because the Rules of Civil Procedure do not require that a complaint be filed prior to the taking of depositions. While we agree with the latter conclusion, appellant's mistaken reliance upon a different lower court interpretation of the rules with respect to pre-complaint discovery, and his reliance upon Rule 4013 precludes either a finding of bad faith in filing the motion, or wilfullness in failing to attend the scheduled depositions.

---

[8] There is nothing in the record to indicate that appellant's motions were filed for the purpose of delay or harassment with a view toward disrupting the discovery process.

It is clear that pre-complaint discovery is contemplated and allowed by the Rules of Civil Procedure. An action may be commenced by summons. Pa. R.C.P. No. 1007. Discovery by deposition may then be had 20 days thereafter, or within twenty days with leave of court. Pa. R.C.P. No. 4007(b). In response to the summons, a defendant can compel the plaintiff to file a complaint within twenty days or suffer a judgment of non pros. Pa. R.C.P. No. 1037. Thus, for the plaintiff without sufficient facts with which to draw a complaint, discovery within the first twenty days is essential. Rule 4007 clearly allows such discovery because depositions thereunder are permitted if they will "substantially aid in the preparation of the pleadings." For these reasons, appellant's claim that he is entitled to an order requiring the filing of a complant is not well founded.

We cannot, however, agree wtih the lower court that merely because this relief was requested, appellant's invocation of the protective order procedure was in bad faith. Counsel for appellant erroneously relied upon a case in which a lower court ordered the plaintiff to file a complaint before taking the defendant's deposition. See *Goodwin v. Morgan,* 4 Pa. D. & C. 2d 668 (1955); compare *Rush v. Butler Fair and Agriculture Assoc.,* 7 Pa. D. & C. 2d 135 (1956). The *Goodwin* case is factually distinguishable from the instant case because nothing appeared in the record of that case to indicate the subject matter of the suit, and thus the relevancy of any of the proposed discovery. In the instant case, appellees' petition for leave of court sets forth the subject matter of the suit sufficiently to enable appellant to gauge the relevancy of any inquiries made during the taking of the depositions.[4] Under these circum-

---

[4] The petition stated that, as a result of a dispute between the parties, appellant wilfully and maliciously contacted appellees' clients by mail on May 10 in an attempt to malign and destroy appellees' business and reputation.

stances, appellant should not be permitted to require appellee to plead on the basis of information which may be inadequate to support a valid complaint, and then face the prospect of preliminary objections to the sufficiency of the complaint, and possible dismissal of his suit.[5] Pre-complaint discovery is, therefore, particularly appropriate. See *Purcell v. Westinghouse Broadcasting Co.*, 10 Pa. D. & C. 2d 729 (1957).

Although appellant's second motion was thus without merit, counsel's mistaken reliance upon the *Goodwin* case, supra, and the automatic stay provisions of Rule 4013 does not appear to have been without justification. Under these circumstances it would be improper to impose a costs sanction upon appellant for relying upon his attorney's advice that the depositions were suspended. Cf. *Samuel Jacobs Distributors, Inc. v. Conditioned Air, Inc. et al.*, 223 Pa. Superior Ct. 446, 301 A. 2d 907 (1973) (default judgment opened where default is explained as the result of reliance upon attorney's mistaken advice); *Muir v. Hankele*, 273 Pa. 231, 116 A. 822 (1922) (reliance upon advice of counsel rebuts a finding of malice in malicious prosecution action).

Sanctions should not be imposed under Rule 4019 absent wilful disregard of disobedience of an order of court or an obligation expressly stated in the rules. See *Pompa v. Hojnacki*, 445 Pa. 42, 281 A. 2d 886 (1971). The pendency of motions for protective orders and the reliance by appellant upon a rule providing for a stay of proceedings upon the filing of such motions are circumstances which should exculpate appellant

---

[5] The need for pre-complaint discovery and the dangers of pleading without it are graphically illustrated in *Gross v. United Engineers and Constructors, Inc.*, 224 Pa. Superior Ct. 233, 302 A. 2d 370 (1973), in which a complaint was dismissed in a libel action for failure to specify the libellous acts and the parties to whom the statements were made. That case is explicit in its approval of pre-complaint discovery.

from a finding of willfulness. *Rapoport v. Sirott,* 418 Pa. 50, 209 A. 2d 421 (1965). Appellant's failure to attend was not unreasonably or perversely self-willed, but was the result of counsel's mistaken, yet colorable claim of right to require appellee to file a complaint before proceeding with discovery. Under these circumstances, the lower court's imposition of costs cannot be justified, especially where there is no indication of bad faith on appellant's part in filing the motions.

For the above stated reasons, we reverse the order of the lower court.

WATKINS and JACOBS, JJ., dissent.