**Borland v. Gibson**

*James F. Lawler,* for plaintiff.
*William V. Coleman,* for defendant.

TAKIFF, J., October 17, 1974.—Plaintiff sued Dr. Gibson on April 3, 1974, to recover damages for personal injuries arising from the doctor's alleged medical malpractice. Defendant's deposition was scheduled to be taken on June 21st and thereafter on September 10, 1974. Both appointments were cancelled, apparently by defendant's attorney. Plaintiff avers that he is informed that Dr. Gibson is 70 years of age and he has no intention of submitting to deposition. Based on these facts and allegations, plaintiff moves now for sanctions pursuant to Pennsylvania Rule of Civil Procedure 4019. The relief he seeks, inter alia, is that the court establish that defendant committed malpractice causing injury, pain, suffering, loss of earning power, etc., and that defendant be prohibited from testifying in his own case in chief.

The motion is premature, the relief sought overbroad, and, therefore, it is denied.

The sanctions plaintiff would have the court impose are authorized by Pa. R. C. P. 4019(c) only after a finding of "wilfully fail[ing] to appear before the person who is to take the deposition" is made: Pa. R. C. P. 4019(a). Accord., Lapp v. Titus, 224 Pa. Superior Ct. 150 (1973). We do not believe that defendant's two cancellations, apparently at least once occasioned by unavailability of his counsel, are so "unreasonably or perversely self-willed" as to call the sanctions into play: Lapp, supra, at 157. Relief is at hand for plaintiff. Defendant advised that the deposition has been rescheduled for October 29, 1974.

Plaintiff's motion for sanction is denied without prejudice to resubmit should the deposition of October 29, 1974, fail to take place due to defendant's nonappearance.