## Holtzin v. Fisher's Restaurant, Inc.

*Edward Benoff,* for plaintiffs.
*S. Evan Black,* for defendant.

GELFAND, *J.,* February 26, 1976 — On April 3, 1975, this court acting through Judge Hirsh, issued an order directing plaintiff, Edythe Holtzin, "to appear and submit to a physical examination to be conducted by Dr. Milton A. Wohl . . ., failing which, judgment of non pros shall be entered against plaintiff without further order of this court." She failed to appear and submit to the medical examination and by praecipe filed by the defendant on August 7, 1975, judgment of non pros was entered.[1] However, three days earlier, on August 4, 1975, plaintiff filed a motion to set aside the judgment of non pros[2]. In plaintiff's motion, she acknowledges that on July 28, approximately ten days before the praecipe was filed, she received notice of the defendant's intention to enter judgment of non pros.

1. Although the docket entries do not specifically indicate that a judgment of non pros was entered, there is an entry that notice of the judgment was given under Pa. R.C.P. 236 and we are, therefore, treating this matter as if such judgment was, in fact, entered and noted on the docket entries.

2. Although the docket shows that the motion was entered as of September 2, 1975, it actually was filed with the motion court on August 4, 1975.

Plaintiff did not request a stay of proceedings, nor did she take any other steps to prevent the entry of judgment during the intervening ten days. It may very well be that plaintiff was under the impression that the judgment was already entered. In any event, no satisfactory explanation was given to this court.

On the other hand, notice of plaintiff's motion to set aside judgment of non pros was given to defendant on August 4, three days before the praecipe for judgment was filed.

Plaintiff's counsel assigns two reasons to explain her failure to submit to the medical examination. First, he states that it was his impression that defendant, having seen the plaintiff at depositions taken on April 15, 1975 and having seen her healed wounds, no longer desired the examination. Secondly, despite the order's direction that plaintiff appear and submit to the examination, plaintiff was waiting for defendant's counsel or the physician to communicate with him to arrange for the appointment.

The entry of a judgment of non pros is a severe sanction and should only be entered in extreme circumstances and where there is a willful disobedience to a court's order: Lapp v. Titus, 224 Pa. Superior Ct. 150, 302 A. 2d 366 (1973).

We are equally aware that defendant has a right to examine plaintiff: Myers v. Travelers Insurance Company, 353 Pa. 523, 46 A.2d 224 (1946).

In view of the circumstances noted above in this opinion, this court felt that the interests of justice would adequately be served if the judgment were set aside on the specific condition that plaintiff be examined without any further delay and accordingly, we entered our order of August 25, 1975. Subsequently, this court was informed that the

examination could not be held, as the plaintiff had died on August 18, 1975. Upon receipt of this information, the court on September 16, 1975 set aside its order of August 25 and denied plaintiff's motion to set aside the judgment of non pros.

"A request to open a judgment of non pros is by way of grace and not of right. Its grant or refusal is peculiarly a matter for the lower court's discretion . . . ." Mazer v. Sargent Electric Company, 407 Pa. 169, 171, 180 A. 2d 63, 64 (1962).

While plaintiff was alive and could be examined, this court was inclined to exercise its discretion in her favor. However, considering that plaintiff failed to comply with Judge Hirsh's order and her death makes a medical examination impossible, this court feels that equities have changed in favor of defendant.