## Blum v. Parkview Hospital

*Marlene F. Lachman,* for plaintiff.
*William Rapp,* for defendant.

GUARINO, *J.,* May 4, 1976 — This matter comes before the court on motion of Dr. Anthony Minissale to compel plaintiff to answer certain interrogatories to which plaintiff has objected.

An action in trespass was started by summons on October 14, 1975, against the Parkview Hospital and four doctors. Following a rule to file a complaint, Pa. R.C.P. 1037(a), on November 5, 1975, a complaint was filed alleging the negligent failure to examine, diagnose and monitor plaintiff's decedent's condition resulting in her death; at the

same time, plaintiff filed interrogatories against each of the five defendants. Except for the answers made to those interrogatories by defendant hospital, none of the other defendants have made answers to these interrogatories.

On January 5, 1976, Dr. Minissale filed interrogatories against plaintiff to which plaintiff filed timely objections. On February 6, 1976, Dr. Anthony Minissale filed the present motion to have plaintiff answer interrogatories No. 53 through and including No. 57.

By interrogatory No. 53, defendant Minissale asks for facts upon which negligence is based; by interrogatory No. 54, defendant requests plaintiff to give his reasons as to what caused decedent's death; interrogatory No. 55, based on the answers elicited by interrogatory No. 54 asks for the data upon which the claim is based. In interrogatories No. 56 and No. 57, defendant inquires as to whether plaintiff's claim is based on equipment or medical instruments, on drugs or medications, their malfunction or maleficence.

Plaintiff's objection is twofold: (1) The information sought is in the exclusive control of one or more of defendants and is the very same information which he himself seeks to discover; and (2) the interrogatories seek to elicit personal and expert opinion rather than facts.

Generally, subject to limitation of Pa. R.C.P. 4011, discovery is permissible on any matter which is relevant to the subject matter and will substantially aid in the preparation of the pleading or in the trial of a case: Pa. R.C.P. 4004(e), 4005(c); Capp v. Titus, 224 Pa. Superior Ct. 150. Where discovery exceeds the limits proscribed by Rule 4011, the court may deny discovery or make such order as it may deem just and proper under

the circumstances: 4012(a). It is the objector's burden, however, to show that the information sought by discovery is immaterial and unnecessary and that it is proscribed by the Rules of Civil Procedure. See Pa. R.C.P. 4005(b); Kolansky v. Hills, 34 D.&C. 2d 751 (1964); Ruddy v. Penn. Gas & Water Co., 36 D.&C. 2d 705 (1965).

In Pennsylvania, there is no pre-action discovery: Cole v. Wells, 406 Pa. 81, 177 A.2d 77 (1962). An action must be started before discovery may be allowed, for, unless there is a pleading, there is no basis for deciding relevancy and the necessity for discovery: Chatinsky v. Dubrow Electronics Industries, 27 D.&C. 2d 162 (1962). Although there is authority for promulgating a local rule which would allow discovery before filing of a complaint, no such rule has to date been issued.[1] Adding to the difficulty, our Superior Court has served notice that it will not tolerate a pleader's reliance on discovery to cure a deficient complaint: Gross v. United Engineers and Constructors, Inc., 224 Pa. Superior Ct. 233, 302 A.2d 370 (1973). Thus, a plaintiff who is not privy to the transaction which gives rise to the cause of action, is faced with a quandary that he will not be entitled to discovery to prepare his pleadings and that he must, nonetheless, file a complaint sufficient to

---

1  Pa. R.C.P. 4007(d):

"The court may by general rule provide

"(1) that notice under Subdivision (c) shall be filed with the prothonotary and contain a statement showing that the scope and purpose of the deposition meet the requirements of Subdivision (a) . . ."

sustain his action. In this case, plaintiff solved the problem by making general allegations sufficient to sustain the pleading but not sufficient to sustain the claim.

It is while the case is in this posture that defendant propounds the interrogatories in question. The interrogatories Nos. 53, 56 and 57 solicit specific facts: the machines, the apparatuses, the manufacturers of same, their ownership, control, possible malfunctioning, the drugs, the manufacturers and persons involved in their ministrations. While this data is within the limits of legitimate discovery, in that it is relevant and will substantially aid the defense, the data is of such nature that it is more likely to be found in the possession of the other persons. It is the very information which plaintiff will need to prepare his case for trial. In a wrongful death malpractice case, where plaintiff is not privy to the original transaction upon which the claim is based, and the information is more likely to be in the possession of others, the proponent will have to abide the time when plaintiff has completed his own discovery, or obtain the information from a source privy to the event. At this time, plaintiff is excused from answering interrogatories Nos. 53, 56 and 57. The interrogatories may be repeated after plaintiff has exhausted his own discovery, unless, in the meantime, he shall have procured the information from other available sources. See Roseman v. Poppe, 67 D.&C. 2d 313 (1975); Luken v. Entine, 65 D.&C. 2d 100, 101 (1974).

I do not believe that interrogatories Nos. 54 and 55, which provide for multiple choice answers, are proper questions and, therefore, sustain plaintiff's objections thereto.

Pa. R.C.P. 4005(c) specifies that interrogatories "may relate to any matters which can be inquired into under Rule 4007 . . ." Rule 4007(a) provides that "matter" sought to be discovered must be relevant to the subject "matter" of the action and substantially aid in the preparation of the pleading or the trial of a case.

Interrogatory No. 54 does not purport to elicit factual information. Grammatically phrased, the interrogatory, "Do you claim defendant caused the decedent's injuries because . . .?" calls for deponent's reasons for decedent's injuries, not the facts which caused them. It is not within the intendment of the discovery rules that proponent discover other than factual information, i.e., matter which is relevant to the cause of action and which substantially aids in preparation of the pleadings or trial. In this regard, opinions, appraisals by the deponent's mind, are immaterial. Rephrasing the interrogatory to cure the objection, the interrogatory would read: What are the facts upon which your claim is based? Except that at this time, it would be premature, it is an entirely proper question. Because answers to interrogatory No. 55 depend directly on answers given in interrogatory No. 54, the objection will also be sustained as to it.

## ORDER

And now, May 4, 1976, the motion of Anthony Minissale to compel plaintiff to answer interrogatories No. 53 through and including No. 57 is denied, without prejudice to his right to renew the application after plaintiff has completed his discovery. Plaintiff shall proceed to discovery forthwith and complete same within the next 120 days.