## Zahler v. Ford Motor Company, Inc.

*Mayer Horowitz*, for plaintiff.

*Harry F. Brennan*, for defendant, De Santis.

*James J. Donahue*, for defendant, Ford Motor Company, Inc.

GUARINO, *J.*, May 24, 1976—This is a motion to compel answers to interrogatories. Plaintiff, widow and administratrix of Isidore Zahler, deceased, seeks recovery in a wrongful death action against the Ford Motor Co. for faulty construction of a vehicle in which deceased was driving when he suffered a collision with the co-defendant motorist. The gravemen of plaintiff's cause of action is that the automobile was "non-crashworthy," i.e., its construcion did not sufficiently protect its driver against injury in a collision. Defendant filed interrogatories addressed to plaintiff, Mrs. Zahler, who failed to answer some questions without filing objections to them and, according to defendant, gave incomplete answers to several other questions. Defendant moves the court to compel answers to the questions entirely unanswered by plaintiff, and to compel her to answer the other questions "fully and completely."

Defendant's first contention is that plaintiff has "waived" her objections to the unanswered interrogatories by failing to object to them in a timely fashion. Plaintiff has filed objections with her responsive praecipe to the present motion. While subsection (b) of Pa.R.C.P. 4005 permits filing of ob-

jections within ten days after service of interrogatories, it does not state that a party will be deemed to have waived his objection if he does not do so: Rush v. Butler Fair & Agricultural Assn. (No. 3), 17 D. & C. 2d 250 (1958); Nissley v. Pennsylvania Railroad Co., 435 Pa. 503, at 512 (dissent), 259 A. 2d 451 (1969); 5 Anderson Pa. Civ. Pract. §4005.49. A party may raise an objection at the time the moving party moves for sanction: 5 Anderson Pa. Civ. Pract §4005.49.

Defendant's reliance on Nissley v. Pennsylvania Railroad Co., supra, that objections came too late does not sit well. In that case, the majority, in a 4-3 decision, found that plaintiff had "waived" her objections to the interrogatories. But this finding rested only on the dilatory and somewhat duplicitous tactics of plaintiff. The court stated: "Rule 4005(b) states that a party may file objections to an interrogatory within ten days of its receipt. This plaintiff failed to do; instead, some six weeks after receipt of the interrogatory, she promised that she would answer the interrogatory. *It was not until five days before trial that plaintiff objected to the interrogatory. Under these circumstances the plaintiff waived any defect in the interrogatory.*" 435 Pa. 508 (Emphasis supplied.) The instant circumstances are wholly different. This case is not ready for trial. No element of concealment or surprise appears on the face of the matter, whereas in Nissley, plaintiff's ostensible purpose in delaying a response was to conceal the identity of a surprise witness.*

---

*Philadelphia Civil Rule 4005*(d) [now Philadelphia Court Rule 145], which provides sanctions for failure to file timely objections, was not utilized by defendant.

Generally the adverse party may be deposed on any matter which is relevant to the subject matter involved in the litigation and which will substantially aid in the preparation of the pleadings or the trial of the case: Pa.R.C.P. 4005, 4007; Lapp v. Titus, 224 Pa. Superior Ct. 150, 302 A. 2d 366 (1973). Pa.R.C.P. 4011 circumscribes the limitation of the scope of permissible discovery. The rule of liberal construction imposed by Rule 126 requires that discovery be liberally allowed and the limitations to be narrowly construed: 5A Anderson Pa. Civ. Pract. §4011.186; Baukal v. Acme Markets, Inc., 38 D. & C. 2d 86 (1966); Wright v. Philadelphia Trasportation Co., 24 D. & C. 2d 334 (1961). In this perspective, we review the challenged interrogatories.

Interrogatories inquiring as to decedent's requirements for sustenance (nos. 21, 22) and the names and addresses of prospective witnesses (nos. 38, 39) are clearly relevant to the issues in the case and will substantially aid the proponent in the preparation of the trial and should be answered in the manner as provided by Rule 4006: "separately and fully in writing under oath . . . . " Answers made by the deponent to interrogatories nos. 38 and 39 are clearly inadequate; plaintiff is required to answer interrogatories nos. 21, 22, 38 and 39, specifically and separately. Information solicited by these interrogatories does not in any way conflict with the limitations set forth in Rule 4011.

Several of the challenged interrogatories fall squarely within the proscription of Rule 4011(d) and are therefore undiscoverable. The interrogatories requiring the deponent to disclose the expert witnesses' background, their special competence and qualifications (nos. 40, 41), their opin-

ions (nos. 42, 43) and their education and the facts upon which they base their opinions (nos. 44, 45), seek information which comes to a plaintiff as a result of investigation and preparation in anticipation of litigation. Pa.R.C.P. 4011(d) provides that "other than information as to the identity or whereabouts of witnesses" no discovery is permitted which "would disclose the existence . . . of . . . information or other things made or secured . . . in anticipation of litigation or in preparation for trial." A litigant does not consult and obtain information of this nature unless he is preparing material for trial. This constitutes work product, the evidence and the stratagem prepared by counsel in anticipation of trial, and is unavailable. See Schiavoni v. MacAdam, 49 D. & C. 2d 169 (1970); McLoughlin v. Moore, 10 D. & C. 2d 257 (1956); Peranteau v. Ferri's Kartway, Inc., 30 D. & C. 2d 455 (1963).

Interrogatory no. 48 requires plaintiff's expertise: to differentiate between the type of accidents an automoble should withstand and those it should not. Subsection (f) of Rule 4011 permits no discovery which "would require a deponent . . . to give an opinion as an expert witness over his objection." Thus, we sustain the objection as to interrogatory no. 48.

The issue posed by plaintiff's objection to interrogatories nos. 46 and 49 to 53—requesting disclosure of the facts in support of defendant's negligence over plaintiff's objections that the information sought was procured through her investigation in anticipation and preparation for the trial—is not without its difficulties.

In determining discoverability in the light of the proscription of Rule 4011, it may be said that information gathered as the result of an investigation

made after the loss has occurred is not generally subject to discovery while that possessed by the deponent and existing before the loss occurs, is. However, the fact that the information was or was not obtained prior to the incident in controversy is not the sole consideration. In making a determination as to whether the information is or is not discoverable the court considers whether the information was garnered on a routine examination as opposed to an investigation specifically designed in anticipation of litigation: 5 Anderson Pa. Civ. Pract. §4011.172; and even when the information is routinely acquired, if it is prepared in conjunction with a pending controversy, such information may be privileged under Rule 4011(d): 5 Anderson Pa. Civ. Pract. §4011.173.

In the face of the objection that this information is privileged under Rule 4011(d) we review the remaining interrogatories (nos. 46, 49-53). These interrogatories solicit information which is supportive of the alleged liability and information which supports the defaults, defects and failures in the manufacturing, inspection and repairs of the instrument causing the injury. To the extent that the information is procured after the loss accrued and to the extent that it is not obtained by routine investigation, it is undiscoverable; to the extent that the information might have come into the possession of plaintiff routinely it must be divulged.

In determining what specific information is discoverable, it is proper to consider that this is a wrongful death action and that plaintiff is the surrogate of the injured party. In such a case, it is more likely than not that the data upon which the cause of action is based is procured as a result of specific investigative process for the sole purpose of litiga-

tion. However, it is conceivable that plaintiff may have come upon some information independently ante litem motam. For instance, any information that the personal representative might have acquired about the vehicle in question from her own personal observations before the loss event, is discoverable.

Accordingly, we enter the following

## ORDER

And now, May 24, 1976, it is ordered and decreed that plaintiff make complete and separate answers to interrogatories nos. 21, 22, 38 and 39.

As to interrogatories nos. 46 and 49 to 53 inclusive, plaintiff is to make such answer and divulge so much of the information that has a source independent of any investigation made after the date of loss and in anticipation of litigation. It should be sufficient answer (subject to any sanctions provided by law for misstatement) that the information requested was not known to her before the event of the loss.

The objection is sustained to interrogatories nos. 40 through 45 and 48.

