## McCrary v. John F. Kennedy Memorial Hospital

*M. Mark Mendel,* for plaintiff.
*Robert J. McKee, Jr.,* for defendant.
*Saul D. Levit,* for additional defendant.

GUARINO, *J.,* May 9, 1977 — On August 24, 1971, plaintiff filed a personal injury action against defendant, John F. Kennedy Memorial Hospital, alleging that he contracted hepatitis

from transfusion administered by the hospital. On the theory that the supplier of the blood was jointly or severally liable, or liable over, defendant hospital joined National Blood Service of Philadelphia as additional defendant. On March 22, 1976, defendant hospital (proponent) propounded a list of interrogatories against additional defendant and on January 25, 1977, after some prodding, additional defendant (respondent) answered that "no discovery or inspection is permitted" under subsections (b), (c), (d) and (e) of Pa. R.C.P. 4011. The proponent moves the court for sanctions, contending (1) that respondent waived the right to object, and (2) that respondent has failed to make responsive answer to interrogatories within time limitations of the Rules of Civil Procedure.

I

The Pennsylvania Rule of Civil Procedure, which allows discovery by written interrogatories,[1] requires that the interrogatories be answered within 20 days from service.[2] Appropriate sanctions at the discretion of the court may be imposed for failure to answer.[3] Subsection (b) of Rule 4005 allows that a respondent *"may file"* written objections to the interrogatories within ten days from service (*underscoring* supplied). The phrase "may file" plainly indicates that the rule is permissive and not mandatory. A failure to make an objection within ten days does not constitute a waiver when the party raises the objection in his answers or when the moving party moves for sanctions. See

---

1. Pa. R.C.P. 4005.
2. Pa. R.C.P. 4006.
3. Pa. R.C.P. 4019(a) (1).

Rush v. Butler Fair and Agricultural Association
(No. 3), 17 D.&C. 2d 250 (1958); 55 Anderson
Pennsylvania Civil Practice §4005.49, p. 507; cf.
Nissley v. Pennsylvania Railroad Co., 435 Pa. 503,
259 A.2d 451 (1969).

Generally, subject to the limitations imposed by
Pa. R.C.P. 4011, discovery is permissible on any
matter which is relevant to the subject matter at
issue and will substantially aid in the preparation
of the pleading or in trial of the case: Pa. R.C.P.
Nos. 4005 and 4007; Lapp v. Titus, 224 Pa.
Superior Ct. 150, 302 A.2d 366 (1973). It is the
objector's burden, however, to demonstrate that
the information sought by discovery is immaterial
and unnecessary and that it is proscribed by the
rules. See Kolansky v. Hills, 34 D.&C. 2d 751
(1964). Pennsylvania Rule of Civil Procedure 126
implies that discovery be liberally allowed and that
limitations be narrowly construed: 5A Anderson
Pennsylvania Civil Practice, §4011.186, p. 144;
Baukal v. Acme Markets, Inc., 38 D.&C. 2d 86
(1966); Wright v. Philadelphia Transportation Co.,
24 D.&C. 2d 334 (1961).

## II

The proponent has formulated eight inter-
rogatories which seek to obtain information apper-
taining to screening,[4] and the testing[5] of prospec-

---

4. State and describe all screening procedures for prospec-
tive blood donors utilized by you for the period from January,
1966, through May 1969. If any of these procedures are em-
bodied in written form, state the name and business address
of the present custodian of said records.

5. State and describe all testing procedures utilized by you
with respect to prospective blood donors for the period of Jan-
uary 1966, through May 1969. If any of these procedures are

tive blood donors, the identity of the personnel involved in those procedures,[6] the identity of the donors of blood supplied,[7] any general complaints made by blood recipients,[8] and records of the past five years pertaining to these areas.[9] Respondent does not object to the relevancy or the materiality of the information sought to be discovered. The objection was only that the information is not discoverable under subsections (b), (c), (d) and (e) of Pa. R.C.P. 4011. These subsections disallow an interrogatory which:

"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party;

"(c) relates to matter which is privileged or

---

embodied in written form, state the name and business address of the present custodian of said records.

6. With respect to the testing procedures described in the preceding interrogatory, were any of these tests performed to determine if the prospective blood donor was infected with any diseases and, if so, set forth: (a) the name of test; (b) the nature of test; (c) the place where such tests are administered; (d) the name of person or persons administering such tests; (e) what records, if any, were kept of such tests. If records were kept, state the name and business address of the present custodian of said records.

7. Identify the name, business address, and job title of the individual or individuals who supervised the procedures described in Interrogatories 1-3 within National Blood Service of Philadelphia.

8. Identify by name, business address and present job title, the individual responsible for the supervision of maintenance of quality control at National Blood Service of Philadelphia for the period from January, 1966 through May, 1969.

9. Identify by date, badge or identification number and donor, all blood supplied by National Blood Service of Philadelphia to John F. Kennedy Memorial Hospital for the period from January 1966 through May 1969.

would require the disclosure of any secret process, development or research;

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses;

"(e) would require the making of an unreasonable investigation by the deponent or any party or witness; . . ."

Subsections (b) and (e) are characteristicly similar in that they are designed to disallow discovery when the dominant purpose is to inconvenience and harass. But since discovery is never possible without someone being inconvenienced or burdened to some degree, it is only when the inconvenience is unfair, needlessly expensive or unreasonable that the strictures of the rules operate. The mere existence of harassment, oppression and expense is no ground to forbid discovery: Goodrich Amram 4011(b)-1; 4011(e)-1. In the face of a strong showing that the information sought to be discovered is material and relevant and that it will be of substantial aid to the proponent, the objector who claims inconvenience, oppression, annoyance, or that interrogatories put him to unreasonable investigation and expense, must set forth what information he has, and show why discovery is onerous and unreasonable: Kolansky v. Hills, supra; Goodrich Amram 4011(e)-1.

Tabulating information concerning the method of screening and testing blood donors, persons involved in the selection of donors, the identity of

blood donors, complaints made by blood recipients and records appertaining to these matters, is not unduly onerous, especially since there is a great likelihood that this same information will have to be divulged at trial and in the respondent's own case. Nor does the objector show by his mere recitation of subsection (c) and (d) of Rule 4011, limiting discovery, that this pertinent information about the tests and personnel employed in the respondent's operations relate to matters which are either privileged or are secret processes, or that the information was procured in anticipation of litigation.

For the reasons herein set forth, we dismiss the objections and order and decree that additional defendant, National Blood Service of Philadelphia, make full and complete answers to the interrogatories addressed within 30 days from date hereof.