## DeMontagne v. Albert Einstein Medical Center

*John C. Oplinger,* for plaintiff.
*Spencer G. Hall,* for defendants.
*Daniel T. McWilliams,* for additional defendant.

GUARINO, *J.*, May 9, 1977 — A motion is before us to compel plaintiff (1) to answer certain interrogatories which plaintiff answered "no answer is required under Pennsylvania Rules of Civil Procedure," and (2) provide a more specific answer to certain others.

The proponents contend that plaintiff has waived objection to defective interrogatories by failing to interpose objections within ten days after service of the interrogatories.

I agree with plaintiff's interpretation that Rule 4005(b), which provides that a party *"may file . . .* written objection . . . within ten days" after ser-

vice of the interrogatories, is precatory. (Emphasis supplied.) While the preferred practice is to object in limine, a party is not precluded from objecting to an offensive interrogatory at the time that he files answers to the other interrogatories, or at the time when the other party moves for sanctions: 5 Anderson Pennsylvania Civil Practice 4005.49, p. 507; Rush v. Butler Fair and Agricultural Association (No. 3), 17 D. & C. 2d 250 (1958); Cf. Nissley v. Pennsylvania Railroad Co., 435 Pa. 503, 259 A. 2d 451 (1969).[1]

Generally, subject to limitations imposed by Pa. R.C.P. 4011, discovery is permissible in any matter which is relevant to the subject matter and will substantially aid in the preparation of the pleadings: Pa. R.C.P. Nos. 4005 and 4007; Lapp v. Titus, 224 Pa. Superior Ct. 150, 302 A. 2d 366 (1973). The rule of liberal construction imposed by Rule 126 requires that discovery be liberally allowed and that the limitations are to be narrowly construed: 5A Anderson Pennsylvania Civil Practice, 4011.186, p. 144; Baukal v. Acme Markets, Inc., 38 D. & C. 2d 86 (1966); Wright v. Philadelphia Transportation Co., 24 D. & C. 2d 334 (1961). Unless patently objectionable, the objector has the burden of showing that the information sought to

1. In Nissley, plaintiff made no objection to the defective interrogatories until five days before trial. In a five to four decision, the majority stated: "Rule 4005(b) states that a party may file objections to an interrogatory within ten days of its receipt. This, plaintiff failed to do; instead, some six weeks after receipt of the interrogatory, she promised that she would answer the interrogatory. *It was not until five days before trial that plaintiff objected to the interrogatory. Under these circumstances the plaintiff waived any defect in the interrogatory.*" 435 Pa. 508. The ratio decidendi was the dilatory and duplicitous tactics of plaintiff.

be discovered is unnecessary and that it comes within the protection of the rule: Kolansky v. Hills, 34 D. & C. 2d 751 (1964).

### 1.

As to interrogatories Nos. 26, 30, 31, 32, 33 and 38, the plaintiff answered that "no answer required under Pennsylvania Rules of Civil Procedure."

Interrogatory No. 26, which seeks to discover names of any organization or person who has an interest and the extent of the interest in plaintiff's claim, is clearly irrelevant. An inquiry into collateral benefits which plaintiff may have received is irrelevant and does not aid the proponent in preparation of his case: Ender v. United Cigar-Whelan Stores Corp., 84 D. & C. 478 (1953). Interrogatory no. 30, which asks plaintiff if she ever filed a workmen's compensation claim, is even more patently outside the scope of proper discovery.

Interrogatories Nos. 31, 32, 33 and 38 are designed to discover writings, statements, photographs, places, blue prints and their present locations, which if plaintiff has them at all, she could only have gathered in anticipation of this litigation. Such information is protected from dicovery under subsection (d) of Rule 4011. No discovery is permitted which "would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial . . . ." Statements taken from witnesses by an attorney in conjunction with a pending suit in anticipation of litigation or preparation of trial are not discoverable: Peace v. Hess,

67 D. & C. 2d 230 (1974); nor are photographs, plans, sketches or blueprints discoverable: Schiavoni v. MacAdam, 49 D. & C. 2d 169 (1970).

## 2.

A refusal to give one's age (interrogatory no. 1) predicated on "a Frenchwoman's prerogative" is not a valid objection, especially in a case where plaintiff claims future loss of earning power. Age is a material factor in proving the amount of damages recoverable, to be proven at trial by the objector in her own case; it is discoverable. See Yoffee v. Golin, 45 D. & C. 2d 318 (1968).

The answer made to subsection (a) of interrogatory no. 19, that the data as to loss of earnings in years prior to the claim is not presently available, is admittedly not sufficient. Unless the promise to provide this information is complied with, without unnecessary delay, appropriate sanctions will be made.

Subsection (b) of interrogatory no. 19 requests detailed information as to future loss of earnings. Diminished future earning power of an injured person is at best only an opinion which depends on many factors. While these factors are discoverable, the ultimate fact or opinion is not. When relevant and material, the validity of the ultimate *fact* of diminished earning power of an injured person must be given by one qualified by special training. Otherwise, the fact is one to be determined by a jury on sufficient and proper evidence. The interrogator may not discover the ultimate fact, because, as formulated, it is the privilege and work product of the respondent made in prepara-

tion and in anticipation of litigation protected by the stricture of the discovery rule.

In respect to subsection (c) of the referred-to interrogatory — proponent's inquiry as to "other future losses" — a response that these are not presently ascertainable is not sufficient. Future bills expected and other losses expected to be incurred because of the alleged injury are matters which respondent must himself prove in order to recover. Therefore, adequate answer can be formulated.

Interrogatories nos. 22 and 23, which seek to discover plaintiff's earnings in the five years preceding the debilitating injuries, are relevant and discoverable. Plaintiff's answer that this pertinent data is presently unavailable is admittedly insufficient. Since there is no showing that the delay will prejudice the proponents in any way, in the face of the promise that answers will be made to these interrogatories within a reasonable time, no sanctions will be imposed at this time.

Interrogatory no. 27 asks plaintiff whether she was involved in any prior or subsequent accidents, what if any injuries she sustained, whether she filed a claim and whether the claim was recorded. There is nothing ambiguous about the inquiry and there is nothing in the inquiry that patently violates the proscriptions of Rule 4011. Nor am I able to ascertain whether the information sought was given by respondent at a prior deposition: the depositions were not made a part of this record. Another must be made.

Accordingly, it is ordered and decreed that the plaintiff answer Interrogatories nos. 1, 19 (a) and (c), 22, 23 and 27 within 60 days from date hereof, or any extention thereof; in all other respect, the proponents' motion is refused.