# French v. ITT Industries/Harrisburg
# Design Center

C.P. of Lawrence County, no. 10401 of 2003, C.A.

*Daniel I. Herman,* for plaintiff.
*Robert Hastings,* for defendant ITT Industries.
*Thomas King,* for defendant First Energy.

MOTTO, *J.,* February 16, 2004—Before the court for disposition is the motion for protective order of defendant Goulds Pumps Inc., a wholly owned subsidiary of ITT Industries Inc., and the plaintiff's petition for extension of time to file complaint and to strike/overrule motion for protective order. The disposition of both motions turns on whether the court will allow plaintiff to engage in pre-complaint discovery as to defendant ITT, and if so, what limitations should be imposed on pre-complaint discovery.

The plaintiff's petition for extension of time and plaintiff's brief in opposition to the defendant's motion for protective order cites, as among the relevant facts known to the plaintiff, that plaintiff's decedent died as a result of an industrial accident occurring on April 9, 2001, during his employment at Orion Power Company; that Orion has been sold and resold since April 2000, with changes in personnel and counsel making it virtually impossible to obtain records and conduct exploratory interviews; that in January 2003 it was determined that the equipment involved in the accident was a Unit 5 Boiler Ashpit Rejection System Ash Hopper-Unit No. 5, installed in 1961 or 1962, and replaced in February 2002;

that the manufacturer and supplier of the unit was United Conveyor Corporation, the consulting engineering firm was Commonwealth Associates, and that Babcock and Wilcox supplied the replacement unit; that a pump was utilized in the replacement unit which was manufactured by ITT and Goulds Pumps; that OSHA found decedent entered a permit-required confined space (slag removal tank) without proper recognition of procedures; that decedent was overcome by water when the pump supplying water through the system failed and the water backfilled into the tank; that the system appears not to have included safety devices, mechanisms, warnings to prevent what was clearly an anticipated injury as a result of the design of the machinery and equipment, including, but not limited to, the pump manufactured by the defendant, ITT, but that the plaintiff has been denied any access to information to make any such determinations (see plaintiff's motion for extension of time to file complaint, paragraph 9 and plaintiff's brief in opposition to defendant's motion for protective order, pages 5, 6 and 7).

In *McNeil v. Jordan,* 814 A.2d 234 (Pa. Super. 2002), the Superior Court addressed the issue of pre-complaint discovery. The *McNeil* case has been cited by counsel for both parties and is the polestar case on this issue. In *McNeil,* the plaintiff sought discovery to obtain facts essential to his cause of action, mainly facts showing that his mother had intended to treat him equally concerning all aspects of her estate and marital trust. The trial court had upheld objections to the discovery, holding that pre-complaint discovery may not be used to determine whether a cause of action exists. The ruling of the trial court was affirmed by the Superior Court.

In *McNeil,* the Superior Court noted that Pennsylvania procedure permits the use of discovery to aid in the preparation of pleadings, citing Pa.R.C.P. 4001(c) and that appellate decisions have approved the use of pre-complaint discovery in order to aide in the drafting of the complaint, further citing *Lapp v. Titus,* 224 Pa. Super. 150, 302 A.2d 366 (1973). The *McNeil* decision however addressed the limits to be imposed upon pre-complaint discovery. After reviewing several common pleas court decisions on the issue, *McNeil* went on to hold precisely that pre-complaint discovery is permissible if it is shown that, one, the plaintiff has set forth a prima facie case, and, two, the plaintiff cannot prepare and file a complaint otherwise.

It is noteworthy that in the *McNeil* case, the trial court had originally allowed limited discovery, but that the plaintiff refused such limited discovery and maintained the right to general discovery in order to prepare the complaint. Thus, the Superior Court addressed the propriety of the trial court's decision not to grant general discovery, and not whether the trial court acted appropriately in its initial decision to allow limited discovery.

Here, the court finds that plaintiff has set forth a prima facie case. The facts as alleged indicate an equipment failure was a contributing factor to the industrial accident that caused the decedent's death.

However, requiring the plaintiff to prepare a complaint without the benefit of further facts would require speculation as to the cause of any equipment failure or as to the existence of any defects in its design or manufacture. Thus the court further finds that plaintiff cannot accurately prepare and file a complaint without pre-complaint discovery.

Although the court concludes that plaintiff should be allowed pretrial discovery, such discovery should be limited to facts necessary to prepare its complaint. In reviewing the interrogatories relative to which the defendant ITT seeks a protective order, the court finds that many of the interrogatories are beyond the limited scope of pre-complaint discovery that the court will allow.

The court finds that pretrial complaint discovery in this case as to the defendant ITT shall be limited to discovery of information within the possession or control of the defendant ITT that relates to the occurrence of the specific accident involving the decedent, the manufacture, design, maintenance, repair, servicing and chain of distribution of the specific equipment and its components that were involved in the accident and the identification of witnesses having information on such matters and the identification and production of records relating to such matters. Accordingly, the court has reviewed the interrogatories in question and will grant the defendant ITT's motion for a protective order, in part, as to specific interrogatories which the court finds to be beyond the scope of pre-complaint discovery as authorized by this opinion and accompanying order of court and otherwise allow limited pre-complaint discovery as set forth above. Further, the court will extend the time for filing plaintiff's complaint.

## ORDER

And now, February 16, 2004, in accordance with the accompanying opinion of even date herewith, it is ordered, adjudged and decreed as follows:

(1) The plaintiff is granted the right to engage in pre-complaint discovery as to defendant Goulds Pumps Inc., a Delaware Corp., and a wholly owned subsidiary of ITT Industries Inc., an Indiana corporation come before itself and its wholly owned subsidiaries, Goulds Pumps (IPG) Inc. and Goulds Pumps (PA) Inc., hereinafter "ITT", such pre-complaint discovery to be limited to discovery of information within the possession or control of the defendant ITT that relates to the occurrence of the specific accident involving the plaintiff's decedent, the manufacture, design, maintenance, repair, servicing and chain of distribution of the specific equipment and its components that were involved in the accident, and the identification of witnesses having information on such matters and the identification and production of records relating to such matters. Such discovery shall be completed on or before May 17, 2004.

The motion for protective order of the defendant ITT is granted in part and the following specific interrogatories contained in the plaintiff's first set of interrogatories to the defendant ITT are stricken as being beyond the scope of the limited discovery allowed by the terms of this order; interrogatory numbers 6, 7, 8, 9, 10, 11, 12, 13, 20, 21, 32, 33, 34, 36, 37, 38, 41, 42, 46, 57, 58, 59, 60, 61, 68, 69, 70, 71. Furthermore, as to the remaining interrogatives, any references contained therein to "similar product" or "similar products" is stricken. The remaining interrogatories are found to be within the scope of the limited discovery and shall be answered by the defendant ITT within 30 days of the date that this order of court is docketed.

(2) The plaintiff's petition for extension of time to file complaint and to strike/overrule motion for protective order is granted to the limited extent that the time for the filing of plaintiff's complaint is hereby extended to June 15, 2004.