Opinion by
Cercone, J.,
Appellant was convicted on two charges of automobile larceny and one charge of conspiracy. Prior to his trial of February 15, 1972, he ashed for a one-week continuance to enable him to locate and subpoena a missing alibi witness. The court refused to allow a one-week continuance upon consideration of the heavy schedule of cases for the following week and of the fact that defendant could not give any assurance that his witness, whose whereabouts had been unknown prior to the beginning of the February Term of Criminal Court, would appear that week. However, the court was willing to grant and did offer a continuance to the next (April) term of court. Defendant, who was not out on bail, refused such offered continuance and chose to proceed to trial on February 15 without his alibi witness and without taking the stand in support of his alibi defense. After conviction, he filed a motion for new trial contending that the refusal of his request for a one-week continuance was an abuse of the court’s discretion. The court en banc did not agree and refused a new trial to the defendant. This appeal followed.
*232 It is the defendant’s argument that the court had given bim an “impossible choice” between a “fair trial” and a “speedy trial”; and that he was offered the opportunity to present his defense of alibi only upon condition that he agreed to remain incarcerated for two additional months without trial. The defendant thus injects as of primary and governing importance in the determination of the propriety of the lower court’s exercise of discretion, the fact that the defendant was not out on bail but was incarcerated. To so allow the issue to be determined on the fact of defendant’s incarceration would result in allowing greater rights to a defendant who is not out on bail and to set a standard of determination of the rights of an accused dependent on whether or not he is out on bail. We can find no basis for the inclusion of such factor in the consideration of whether or not the trial court abused its discretion in refusing the requested one-week continuance and in offering instead a continuance to the next term of court.
Defendant was not, as he contends, deprived of a continuance because of administrative inconvenience; he was, in fact, afforded a continuance which did not meet with his approval and which it was his voluntary choice to refuse. That choice was not rendered involuntary by the fact that the alternative would have been two more months of incarceration. The fact of incarceration cannot be employed to increase the rights of an accused so as to require a court to grant him a continuance on his terms.
So stripped of the extraneous issue of whether or not the defendant was out on bail, we find that the facts presented on this appeal reveal no abuse of discretion by the trial judge in refusing to upset the already established heavy February court schedule by a one-week postponement to allow defendant more time to locate a witness. The circumstances did not indi *233 cate that witness would be any more available one week after February T5 than he was one week before February 15, when defendant presented his motion for continuance. On the other hand, if the request for continuance had in fact been made in good faith to afford defendant time to prepare his alibi defense, the continuance to the April Term was a more adequate solution as it afforded defendant more time to locate the missing witness, determine his intentions to testify and take steps to assure the availability of his testimony.
Defendant also contends that the sentence imposed by the trial judge was manifestly excessive and constituted an abuse of discretion to be corrected by this court. Though defendant’s earnings may be, as he contends, important to his family household, the fact remains that the sentence imposed was well within the statutory limits and not manifestly excessive. Defendant could have been sentenced to a total of twelve years imprisonment plus fines and costs. He was, instead, sentenced to two concurrent terms of only one year nor more than three years. We find no basis to disturb the sentence imposed by the trial court.
The order of the court below refusing defendant’s motions for new trial and in arrest of judgment is hereby affirmed.