Opinion by
Cercone, J.,
This appeal presents an issue as to the sufficiency of the allegations of plaintiffs Complaint charging libel and slander. The lower court sustained defendant’s preliminary objections in the nature of a demurrer and plaintiff has appealed.
*235 The lower court, in its opinion, reasoned: “. . . the closest plaintiff comes to particularity is ‘.. . defendant orally and in writing did communicate with Commonwealth Edison, and Paulin and others, from on and after June 28,1971, informing them directly and by innuendo, that the plaintiff was dismissed by the defendant for dishonesty’. This falls far short of the requirements of the Rules of Civil Procedure, especially 1017 (b) (4), 1020, 1019(a), (f) and (h).” We agree with this reasoning and conclusion. The Complaint fails to allege with any particularity the content of the oral or written statements claimed to have been made, the identity of the person or persons making those statements, the relationship of that person or persons to the defendant company and authority to act in behalf of the defendant company, the identity of the person or persons to whom the statements were made, and the relationship of that person or persons to the companies receiving the alleged communications.
Any information subsequently supplied by plaintiff upon deposition requested by defendant cannot bo used to supply the missing allegata of the Complaint. The sufficiency of the Complaint is governed by the facts alleged therein and the fact that the lacking information subsequently was or could be supplied is not governing. As summarized in 2A Anderson Pa. Civil Practice, §1019.8 (1969 Edition), page 86: “. . . the fact that the stipulation filed by both parties contains a specification of the damages not set forth in the complaint does not excuse the plaintiff from properly pleading the information in the complaint since The complaint should contain all necessary information in order to establish the plaintiff’s cause of action’, and liability cannot be predicated upon facts not set forth in the complaint.
“The duty of placing all material facts upon the record is not reduced by the fact that the adverse *236 party is not actually dependent upon the pleading for his information since he could resort to discovery procedures. Accordingly, while the defendant may be relegated to discovery proceedings to obtain information when it is not clear whether the matter is merely evi-dentiary or basic fact that principle cannot be invoked when the plaintiff has not pleaded facts which should be pleaded by him.” Furthermore, the plaintiff in this case under advice of counsel did not on deposition supply the information required to be pleaded in the Complaint. Though his testimony indicated (as did his brief in this appeal) that he was in possession of, and was placing reliance on, a letter written by the defendant’s company to Paulin Construction Company which letter, he claims, sustains his charge of libel, plaintiff refused to produce that letter or make known its contents, his counsel contending (a) that such letter constituted proof and was not therefore required to be revealed prior to trial, and (b) that since a copy of the letter was in defendant’s files it was not required to be produced. Neither of these contentions have merit. If plaintiff had in its possession a letter by the defendant’s company upon which the charge of libel was based, such letter should have been alleged in the Complaint and a copy attached and made a part thereof.
That defendant would have knowledge of its own letter and conduct in the matter does not relieve plaintiff from his duty of pleading the material facts upon which he bases his claim of slander and libel. The rule is as stated in 2A Anderson Pa. Civil Practice, §1019.8 (1969 Edition), pages 85-86: “The pleader is not relieved of his duty of pleading the material facts on which his claim or defense is based by virtue of the circumstances that the adverse party has knowledge of such facts. . . .
“It is not sufficient that the defendant knows the basis for the plaintiff’s claim against him as the rules *237 require that the facts be set forth in the plaintiff’s complaint.
“The fact that the defendant has as equal knowledge as the plaintiff of the fraud of the defendant’s agent does not excuse the plaintiff from the necessity of pleading a cause of action. Regardless of the knowledge of the adverse party, the pleader must aver the material facts so that the basis for his claim or defense appears of record, and so that both the trial and the appellate court can determine the issues to be tried.”
Plaintiff further contends that he should have been given an opportunity to secure from defendant by deposition the missing information which plaintiff claims reposes in defendant’s file. However, plaintiff has no such right after filing an inadequately pleaded Complaint to cure the defects therein by subsequent discovery and deposition of the defendant. “. . . a plaintiff is not excused from pleading the facts necessary to sustain his cause of action on the ground that the facts were known to the defendant and not to the plaintiff. The plaintiff still has the burden of filing a complaint which supports his claim, and if he lacks any information necessary to the preparation of his complaint he may obtain discovery2A Anderson Pa. Civil Practice §1019.8 (1969 Edition), page 85. The proper procedure, therefore, for plaintiff to have followed in obtaining information necessary to the preparation of an. adequate Complaint was to commence his action by filing a praecipe for a writ. “The action then having been commenced, the plaintiff would be free to obtain discovery within the scope and subject to the limitation of rules.” 5 Anderson Pa. Civil Practice, §4001.18 (1966 Edition), page 33.
The record reveals that plaintiff has been afforded numerous opportunities to amend his Complaint to include legally sufficient allegations of libel or slander. He has refused to so amend his Complaint and in fact *238 h.as even refused upon deposition to supply pertinent information lie claims to have in his possession which information as we have stated, should have been made a part of his Complaint if it formed a basis of the libel action. Under these circumstances we are constrained to affirm the order of the court below sustaining defendant’s preliminary objections and dismissing with prejudice plaintiff’s complaint in libel and slander.
Order affirmed.