## Miller v. Perrige (No. 1)

*James E. Beasley,* of *Beasley, Hewson, Casey, Kraft & Colleran,* for plaintiff.

*Carl Rice* and *James K. Thomas, II,* of *Metzer, Hafer, Keefer, Thomas & Wood,* for defendant.

MOSER, J. December 29, 1975—On November 30, 1970, George Miller and Rosaire Miller, husband and wife, as plaintiffs, filed their complaint in trespass in this court against William Perrige, M.D., as defendant. In substance, the complaint alleges that as a physician, defendant treated the wife-plaintiff in such a negligent and careless manner as to cause injuries to the wife-plaintiff for which plaintiffs seek damages.

Defendant filed preliminary objections in the nature of a motion for a more specific complaint. This pleading contains some objection to all 11 numbered paragraphs of the complaint, except those numbered 1, 2 and 9. In our examination of plaintiffs' complaint and defendant's preliminary objections thereto, we have concluded that certain of the objections are valid and must be sustained.

In Dyer v. Kopf, 31 Northumb. 125 (1959), the court stated that in an action for damages based on medical malpractice, it is "the approved practice to set forth concisely the negligence with which the defendant is charged." It was held that a complaint which avers the condition was caused by the negligence of defendant (a) in reducing the fracture, (b) placing the arm improperly in a cast, and (c) failure to give plaintiff proper post-operative care, was sufficiently specific.

The court of Bucks County was of the opinion that averments that defendant was negligent in administering anesthesia, without any other supporting facts of defendant's alleged negligence, lacked the specificity required under Pa. R.C.P. 1019: Gray v. Oech, 49 D. & C. 2d 358 (1970).

A general test to assess sufficiency of such averments has been approved by some courts. " 'We think that a physician charged with negligence and unskillfulness in the practice of his profession is entitled to be advised of the specific acts of commission or omission which constitutes the negligence and unskillfulness complained of, so that plaintiff's proof may be confined to such acts, and so that he may reasonably prepare for his defense' ": Bruaw v. Weaver, 68 York 13, 15 (1954). The averment there was that defendant "performed said nerve block so unskillfully and in so negligent and careless a manner that he caused an immediate total paralysis in plaintiff . . . from the waist down."

The complaint should formulate the issues by fully summarizing the material facts, i.e., "ultimate facts," those necessary or essential to support the claim. They must be sufficiently specific so as to enable defendant to prepare his defense: Baker v Rangos. 229 Pa. Superior Ct. 333, 324 A.2d 498, 505 (1974). Of course, evidentiary matter should not be in the complaint. The sufficiency of the complaint is governed by the facts alleged therein and the fact that the lacking information subsequently was, or could be, supplied (by deposition) is not governing: Gross v United Engineers & Constructors, Inc., 224 Pa. Superior Ct. 233, 302 A.2d 370 (1973).

In the case at bar, each allegation must be sepa-

rately examined to see if an "ultimate fact" is stated, which, to require more would allow evidentiary matter, or whether it is a bare conclusion, or an unduly vague statement of fact. Some of the instant preliminary objections concern the averments of negligence, and others relate to the averments of damages. Magdule v. Feather, 44 D. & C. 2d 192 (1968), contains a complete discussion of the pleadings of general and special damages. General damages, those which are the usual and ordinary consequences of the wrong done, need only be pleaded generally.

Paragraph 3 of the complaint reads: "In December, 1968, the wife-plaintiff herein was under the professional care of the defendant herein, and said wife-plaintiff was then and thereafter treated by said defendant in such a negligent and careless manner as to cause the wife-plaintiff serious and severe injuries, hereinafter set forth more fully." Pa. R.C.P. 1019(f), requires averments of time to be specifically stated. The dates of treatment and the times of the negligent acts should be set forth specifically. The reference to "then and thereafter" and "in December, 1968" are too broad.

Paragraph 4 of the complaint reads: "As a result of the negligence and carelessness of the defendant herein, his agents, servants, and employees, and caused solely thereby, the plaintiff suffered injury to her small and large intestine; injury to her abdominal wall, its tissues, muscles, and blood vessels; aggravation of pre-existing abdominal complaints; abdominal abscess; fistula; peritonitis; injury to her nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent." This paragraph fails to set forth the extent, nature, location and duration of the injuries

suffered by the wife-plaintiff. In addition, injuries that are permanent should be stated specifically: 2A Anderson Pa. Civ. Prac. §19.69.

Paragraph 5 of the complaint reads, in part, as follows:

"The defendant was negligent in his treatment of the wife-plaintiff, inter alia, as follows: . . . (b) Failing to properly advise and inform plaintiff of all the consequences of the proposed procedures and treatment; . . . (f) Improperly using medication after, before, and during surgical procedures which was contra-indicated for plaintiff's condition; . . . (j) Improperly using Chloromycetin; . . . ."

We find 5(b) to be unduly vague in failing to set out what consequences referred to were not called to plaintiff's attention. In the same manner it is indicated that 5(f) is vague in not stating the type of medication, when it was used, and in what manner it was improper. It is also necessary that 5(j) should set out in what respect Chloromycetin was improperly used.

From our analysis of the preliminary objections, we have concluded that the preliminary objections, in the nature of a motion for a more specific complaint must be sustained as to paragraphs 3, 4, 5(b), 5(f), and 5(j) only, for the reasons mentioned in this opinion.

## ORDER

And now, December 29, 1975, the preliminary objections in the nature of a motion for a more specific complaint filed by defendant to plaintiffs' complaint, are sustained as to paragraphs of plaintiffs' complaint numbered 3, 4, 5(b), 5(f), and 5(j). Plaintiffs may file an amended complaint in accordance with this opinion within 20 days from the date of the filing of this opinion and order of court.