## Pennsylvania Manufacturers Association Insurance Company v. Indyk

*Roger S. Cunningham*, for plaintiff.
*Walter C. Faderewski*, for defendants.

WETTICK, *J.*, June 19, 1978—The issue before this court is whether a plaintiff may depose a defendant in order to gather facts to amend a complaint which is being challenged by defendant through preliminary objections.

Plaintiff filed a complaint in assumpsit, alleging that premiums for insurance coverage are due and unpaid. Defendants filed preliminary objections to plaintiff's complaint which have not been resolved. In these preliminary objections, defendants allege that the complaint fails to set forth with sufficient particularity facts which state a cause of action.

Shortly after the preliminary objections were filed, plaintiff served upon defendants a notice of deposition. The notice states that plaintiff will take the deposition of Leo Indyk, a defendant in the action, and that the purpose and scope of the deposition will be limited to the identification of the parties or those individuals who should be made parties to this action. Defendant Leo Indyk, pursuant to Pa.R.C.P. 4012(a)(1), promptly filed a motion for a court order barring plaintiff from taking his deposition until this court determines that plaintiff has pleaded a good cause of action.

Pa.R.C.P. 4007(a) permits a party to examine by deposition another party "regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case." The deposition may be taken without leave of court provided that the notice of the taking is served by plaintiff more than 20 days after commencement of the action: Pa.R.C.P. 4007(b).

Plaintiff acknowledges that it wishes to take Leo Indyk's deposition because he has knowledge of facts which plaintiff needs in order to prepare an amended complaint which will cure the possible defects in plaintiff's complaint that are the basis of defendants' preliminary objections. Plaintiff contends that because the information which it seeks is

relevant to the subject matter involved in this action and is not privileged and because more than 20 days have passed after the commencement of the action, Pa.R.C.P. 4007 entitles plaintiff to take Leo Indyk's deposition.

Leo Indyk contends that plaintiff cannot engage in discovery until the pleadings are completed. Pa.R.C.P. 4007 permits only discovery which will either "substantially aid in the preparation of the pleadings" or in "the preparation or trial of the case." According to Leo Indyk, this limitation bars plaintiff from taking the deposition of another party after the complaint has been filed but before the filing of an answer because it is too late to seek discovery in aid of the pleadings and it is premature to seek discovery in the preparation or trial of the case because the nature of the issues which may be raised by defendant's answer is not known.

In support of this interpretation of Pa.R.C.P. 4007, Leo Indyk relies on Gross v. United Engineers and Constructors, Inc., 224 Pa. Superior Ct. 233, 302 A. 2d 370 (1973).* In this case, the Superior Court affirmed a lower court ruling sustaining a defendant's preliminary objection in the nature of a demurrer to a complaint in libel and slander and dismissing the complaint with prejudice. The complaint was defective because it failed to set forth the material facts on which the cause of action was based and dismissal with prejudice occurred because plaintiff refused to properly amend his complaint or upon deposition to supply information which he claimed to have in his possession and

---

*Also see AMP Inc. v. McCaughey, 38 D. & C. 2d 109 (Luz. 1966); Lawrence G. Chait & Company, Inc. v. Republican State Committee, 30 D. & C. 2d 678 (1963).

which should have been included in his complaint.

In support of his contention that the lower court erred in dismissing the complaint with prejudice, plaintiff apparently argued that the lower court should have given him the opportunity to establish by deposition facts which his complaint did not include. In rejecting this argument, the Superior Court said:

"However, plaintiff has no such right after filing an inadequately pleaded Complaint to cure the defects therein by subsequent discovery and deposition of the defendant. '. . . a plaintiff is not excused from pleading the facts necessary to sustain his cause of action on the ground that the facts were known to the defendant and not to the plaintiff. The plaintiff still has the burden of filing a complaint which supports his claim, and if he lacks any information necessary to the preparation of his complaint he may obtain discovery:' 2A Anderson Pa. Civil Practice §1019.8 (1969 Edition), page 85. The proper procedure, therefore, for plaintiff to have followed in obtaining information necessary to the preparation of an adequate Complaint was to commence his action by filing a praecipe for a writ. 'The action then having been commenced, the plaintiff would be free to obtain discovery within the scope and subject to the limitation of rules.' 5 Anderson Pa. Civil Practice §4001.18 (1966 Edition), page 33." 224 Pa. Superior Ct. 237, 302 A. 2d at 372.

In the absence of the Gross v. United Engineers and Constructors, Inc. opinion, we would promptly reject defendants' interpretation of Pa.R.C.P. 4007. This rule permits discovery which will substantially aid "in the preparation of the pleadings"

and an amended complaint is a pleading according to the Pennsylvania Rules of Civil Procedure. See Pa.R.C.P. 1017(a), 1028(c); Philco Corp. v. Sunstein, 22 D. & C. 2d 403 (1960).

When a party by preliminary objection questions the sufficiency of a complaint, our rules encourage the filing of an amended pleading. See Pa.R.C.P. 1028(c), 1033; 2 Goodrich-Amram 2d §1033. And because a party may by preliminary objection successfully challenge a pleading on the ground that it omits material facts even though that party has exclusive knowledge of the material facts which the pleading has omitted (see Gross v. United Engineers and Constructors, Inc., supra), the deposition of an adverse party may substantially aid in the preparation of a necessary amended pleading. Therefore, if we construe Pa.R.C.P. 4007(a) "to secure the just, speedy and inexpensive determination" of a proceeding (Pa.R.C.P. 126) and in a manner consistent with the dictates of the Pennsylvania appellate courts that a party must be given every opportunity to plead a cause of action (see Framlau Corp. v. Delaware County, 223 Pa. Superior Ct. 272, 299 A. 2d 335, 337 (1972), and cases cited therein: 2 Goodrich-Amram 2d §1033:4), we must conclude that Pa.R.C.P. 4007 permits a plaintiff whose complaint is being challenged on the ground of failure to plead with sufficient particularity facts on which a cause of action is based to engage in discovery which will substantially aid in the preparation of an amended complaint.

Moreover, we believe that discovery prior to the filing of a complaint should be discouraged because a defendant who is served only with a writ of summons and a notice of deposition cannot effectively

prepare for the deposition and has little basis for challenging the relevancy of any question. Thus, we should construe Pa.R.C.P. 4007 to require plaintiff, whenever possible, to file and serve prior to discovery a complaint which sets forth any facts presently known to plaintiff and permit discovery to aid in the preparation of an amended complaint which will include those missing facts for which discovery is necessary. See Reebel v. DeGrazia, 115 Pitts. L. J. 295 (1967) (McLean, *J.*). Obviously, we cannot protect defendants in this manner while protecting plaintiff's right to engage in discovery to aid in the preparation of the complaint if we accept defendants' construction of Pa.R.C.P. 4007.

Finally, the statute of limitations has not run in the present action. Thus if we bar discovery which may aid plaintiff in preparing an amended complaint, plaintiff may discontinue the action pursuant to Pa.R.C.P. 229, institute a new action by means of a writ of summons and take Leo Indyk's deposition pursuant to Pa.R.C.P. 4007. We should not construe the rules of civil procedure to reach such an unreasonable result. See Pa.R.C.P. 126, 128.

While we disagree with defendants' construction of Pa.R.C.P. 4007 for these reasons, we readily acknowledge that the portion of the Gross v. United Engineers and Constructors, Inc. opinion, which we previously quoted, prevents us from lightly dismissing defendants' construction of Rule 4007. Nevertheless, we hold that the Gross opinion does not bar this court from construing Rule 4007 to permit a plaintiff to engage in discovery that will substantially aid in the preparation of an amended complaint because this issue was not before the Superior Court in the Gross case.

The facts in Gross were that plaintiff was not seeking to take defendant's deposition for purposes of preparing an amended complaint. Instead, plaintiff refused to amend his complaint to include sufficient allegations of libel or slander and was arguing that in lieu of filing an amended complaint, he was entitled, by taking defendant's deposition, to show that defendant had knowledge of those "missing" facts which would establish a cause of action. Thus the previously quoted language from the Gross opinion addressed only the question of whether a party may defend preliminary objections challenging the sufficiency of a complaint by showing through a deposition of defendant that defendant already has knowledge of the facts which are missing from the complaint.

For these reasons, we deny Leo Indyk's motion for a protective order barring plaintiff from taking Leo Indyk's deposition. This opinion and the accompanying court order, however, do not preclude defendants from challenging any discovery efforts on the ground that they do not substantially aid in the preparation of an amended complaint.

## ORDER

And now, June 19, 1978, it is hereby ordered that defendants' motion for a protective order barring plaintiff from taking Leo Indyk's deposition is denied.