**Central Transportation, Inc. v. Stephens**

*William Shettig* and *Richard Williams*, for plaintiff.

*Gleason, DiFrancesco, Shahade & Markovitz, Weimer, Bennett, Jones & Stibich,* and *R. Thomas Strayer,* for defendants.

CREANY, *J.*, May 10, 1979—Defendants have raised preliminary objections both in the nature of a demurrer and for a more specific pleading.

Plaintiff has not filed its amended complaint as authorized by the recent order of court; therefore, the court will proceed to dispose defendants' preliminary objection in the nature of a demurrer.

## I. DOES PLAINTIFF'S COMPLAINT LACK IN SPECIFICITY?

Defendants' position that the complaint as filed is insufficiently specific, in that (1) it fails to identify the recipients of the allegedly defamatory publication, and (2) in failing to set out in detail the time and manner of publication, is well taken.

In order to prepare an adequate answer, defendants need to know, at a minimum, the date(s) on which the actionable language was prepared and published, to whom published and in what manner. See Village 2 at New Hope, Inc. v. Hausman, 66 D. & C. 2d 207, 215 (1974).

Plaintiff is obliged to aver all the facts necessary to support its cause of action. See Gross v. United Engineers and Constructors, Inc., 224 Pa. Superior Ct. 233, 302 A. 2d 370 (1973).

In view of the above stated cases, defendants' motion for a more specific pleading is therefore meritorious.

## II. IS PLAINTIFF'S COMPLAINT ADEQUATE, AS A MATTER OF LAW, TO SURVIVE DEFENDANTS' CONTENTION THAT THEIR ALLEGED LIBEL IS PRIVILEGED UNDER THEIR FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES?

Defendants assert that their petition, from which plaintiff extracts a defamatory meaning, is a privileged exercise of their right to inform the government of their grievances. Defendants argue that no facts which Central Transportation has or could allege would suffice to strip them of the cloak of privilege.

The citizen's right to petition the government for redress of grievances is guaranteed by the First Amendment, and is as worthy of protection as the rights of free speech, press and association: United Mine Workers v. Illinois Bar Asso., 389 U.S. 217 (1967).

In the case of Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961), the Supreme Court notes that when a publicity campaign, ostensibly directed toward influencing government action, is actually a sham, designed only to destroy competition, then an action under the Sherman Act is the appropriate course of action.

Herein lies the heart of the Noerr decision; the right of redress is privileged if it is, at least in part, motivated by a desire to influence governmental behavior.

The lower court also explained in Sierra Club v. Butz, 349 F. Supp. 934 (N.D. Calif. 1972), that the Supreme Court had created a standard, the abuse

of privilege in Noerr which differed from the malice test.

A party may well exhibit malice in its attempt to influence government and yet remain protected against civil liability if its *petitioning* was directed at inducing *governmental action or restraint.*

The rationale for the "sham" test is readily apparent; representative government is vitally interested in the views of the citizenry. The people shape and influence governmental policies through their representatives. Communication directed at the government must therefore receive the highest deference.

The threat of common law tort liability *must not be allowed to deter any speech intended to influence the government*, and in order to assure this end, the law overlooks both the obvious and hidden motives of petitioner.

The import of the court decisions in this area of the law is that the mantle of privilege is removed when the *only* purpose of petition is to transmit petitioner's invective feelings, i.e., when the petition is a complete sham.

It is abundantly clear that defendants' petition in the present case is not a "*sham*," but an attempt to influence the government in an area of great personal concern to them.

The language of their petition clearly requires this view.

### "PETITION FOR RELIEF

"TO: THE BOARD OF SCHOOL DIRECTORS OF THE CENTRAL CAMBRIA SCHOOL DISTRICT:

"We, the undersigned, being parents and/or tax-

payers residing within the Central Cambria School District, protest the deplorable and unsafe condition of the school buses which transport our children.

"We further remind you that it is *your* obligation, singly and jointly, to provide safe and prompt bus transportation. If you fail to live up to your obligation and an accident occurs, you and each of you are personally as well as collectively liable.

"Therefore, we respectfully request that you:

"1. Conduct an immediate investigation;

"2. Prepare a written report which shall be done by persons residing outside the school district, at the district's expense;

"3. Designate the garage or garages where the school buses are to be inspected; and

"4. Begin negotiations as soon as possible with other carriers."

The very nature of petitioners' request—an investigation into the safety of the district's school buses—conclusively indicates that they were attempting to influence a local governmental unit to act upon one of their chief concerns: *the welfare of their children.*

The cases examined by this court clearly hold that the motives of petitioners are constitutionally irrelevant *as long as they really intended to influence the government to take some action beneficial to them.*

Urging an investigation, in which the government may independently evaluate and redress their claims, is precisely the kind of exercise which the First Amendment was designed to protect.

Plaintiff's complaint is devoid of any allegations that defendants' petition was not an attempt to redress a grievance.

Plaintiff's averments concerning the falsity of defendants' claims and their malice are irrelevant to the overriding First Amendment issues in this case.

It may be that the charges in defendants' petition were maliciously published by a party or parties not interested in the redress of grievances. However, these potential defendants are not presently involved in this action the defendants, being the parents, are protected by the First Amendment's guarantee of the right to petition the government.

Accordingly, the defendants' preliminary objection in the nature of a demurrer is sustained.

Wherefore the court enters the following

## ORDER

And now, May 10, 1979, after oral argument and consideration of briefs filed, defendants' preliminary objection in the nature of a demurrer is hereby sustained.

The action filed against above named defendants is hereby dismissed without prejudice to plaintiff to file any appropriate action or actions against a proper party or parties.