## Pultz v. Whitehead

*Harold J. J. DeWalt Jr.*, for plaintiffs.
*Vance Meixsell,* for defendant.

MORAN, *J.,* October 31, 1988—This matter comes before the court upon plaintiffs', George Pultz and Kenneth Jones, preliminary objections to defendant's counterclaim.

On December 16, 1987, plaintiffs, George Pultz and Kenneth Jones, filed a civil complaint against defendant, Stanley Whitehead, alleging that defendant had breached a joint venture agreement. This agreement concerned the purchase, subdivision and sale of certain real estate.

On October 10, 1987, as part of their alleged business venture, defendant Stanley Whitehead drafted a check payable to plaintiff George Pultz. This check was returned to plaintiff George Pultz marked "insufficient funds." Subsequently, during December 1987, and January 1988, plaintiff, George Pultz, sought to have criminal bad check charges brought against defendant as a result of the "bounced" check of October 10, 1987. Plaintiff, George Pultz, filed a private criminal complaint with the Office of the County Prosecutor of Hunterdon County, New Jersey. The check was apparently drafted by defendant in Hunterdon County, New Jersey. On January 29, 1988, the Hunterdon County prosecutor administratively dismissed the criminal complaint. He based this determination on the fact that the check was post-dated when issued and that Stanley Whitehead and George Pultz were parties to this civil action concerning the legal ramification of the parties' failed business venture.

On April 27, 1988, defendant, Stanley Whitehead, filed his answer, new matter and counterclaim to plaintiffs' complaint. Defendant's counterclaim sets forth causes of action against both plaintiffs for malicious prosecution and defamation. Defendant also seeks punitive damages.

On June 21, 1988, plaintiffs filed their preliminary objections in the nature of a motion to strike counts I, II, III and IV of the counterclaim and in the nature of a demurrer to count III of the counterclaim. These preliminary objections are presently before the court for disposition.

## Malicious Prosecution

Initially it should be noted that the preliminary objections assert, essentially, that the counterclaim

fails to state of cause of action upon which relief can be granted. Thus, this preliminary objection is in effect a demurrer. However, the preliminary objections of plaintiffs to count I do not expressly contain a demurrer nor do plaintiffs request dismissal of the action which is the consequence of a sustained demurrer. The preliminary objections of plaintiffs seek to strike off the complaint instead of to dismiss it. A motion to strike a pleading is proper where the form of the pleading does not conform to law or a rule of court, or where it contains scandalous or impertinent matter. Standard Pennsylvania Practice 2d §25:44, at 195; Pa. R.C.P. §1017(b)(2). However, it is clear that the intent of plaintiffs' preliminary objection is to demur to defendant's counterclaim. A motion to strike may be treated as a demurrer. *Spickler v. Lombardo (No. 3),* 3 D.&C. 3d 591, 597 (1977). Additionally, defendant did not file preliminary objections to plaintiffs' preliminary objections asserting the technical defects the court has raised. Therefore, this court will treat plaintiffs' preliminary objections in the nature of a motion to strike as if they were instead demurrers to the counterclaim.

In order to sustain preliminary objections in the nature of a demurrer, the court must find that the facts pled in plaintiff's complaint do not state a legal cause of action upon which relief can be granted. *Gekas v. Shap,* 469 Pa. 1, 5, 364 A.2d 691, 693 (1976). Preliminary objections in the nature of a demurrer admit as true all well-pleaded statements and all inferences fairly deducible. *Yania v. Bigan,* 397 Pa. 316, 155 A.2d 343 (1959); *Byers v. Ward,* 368 Pa. 416, 84 A.2d 307 (1951). Conclusions of law or unjustified inferences are not deemed admitted. *Lerman v. Rudolph,* 413 Pa. 555, 198 A.2d 532 (1964). A complaint must be examined by the court to determine if a cause of action exists that would

entitle the plaintiff to relief. *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979).

In order to properly assert a cause of action for malicious prosecution, the party claiming malicious prosecution must prove all of the following three elements: (1) that the defendant caused criminal proceedings to be instituted without probable cause; (2) that the underlying criminal proceedings terminated favorably to the accused; and (3) that the criminal proceedings were initiated or procured primarily for a purpose other than that of bringing an offender to justice, or more simply, malice must be shown. *Junod v. Badder,* 312 Pa. Super. 92, 458 A.2d 251 (1982); *Dietrich Industries Inc. v. Abrams,* 309 Pa. Super. 202, 455 A.2d 119 (1982).

In the case at bar, it is specifically noted that plaintiff in the counterclaim, Stanley Whitehead, was never arrested on the charge of drafting and passing a "bad check" which is the underlying criminal charge upon which the counterclaim is based. Nor was Stanley Whitehead indicted on such a charge.

Application of the facts of the case at bar to the standards necessary for a valid claim of malicious prosecution clearly indicates that the preliminary objection, which the court has previously decided will be treated as a demurrer, is to be granted.

As previously stated, George Pultz brought a private criminal complaint in the Office of the County Prosecutor of Hunterdon County, New Jersey against Stanley Whitehead. Since Stanley Whitehead was never arrested nor was an information issued, this court must determine when a criminal action is initiated or instituted such that a claim of malicious prosecution is viable. The court notes that we have not found any Pennsylvania cases that specifically deal with this issue. However, the Restate-

ment (Second) of Torts does provide guidance on this issue.

Restatement (Second) of Torts §653 states the elements of a cause of action for malicious prosecution:

"A private person who initiates or procures the institution of criminal proceedings against another who is not guilty of the offense charged is subject to liability for malicious prosecution if:

"(a) he initiates or procures the proceedings without probable cause and primarily for a purpose other than that of bringing an offender to justice, and

"(b) the proceedings have terminated in favor of the accused."

It is clear from the case law that Pennsylvania courts accept the Restatement's definition of a malicious prosecution. *Junod v. Badder,* 312 Pa. Super. 92, 458 A.2d 251 (1982); *Dietrich Industries Inc. v. Abrams,* 309 Pa. Super. 202, 455 A.2d 119 (1982). The comment to section 653 provides guidance to the court as to the threshold action(s) which constitute the initiation of criminal proceedings for the purpose of giving rise to a malicious prosecution claim.

"(c) *Initiation of criminal proceedings* — Criminal proceedings are initiated by making a charge before a public official or body in such form as to require the official or body to determine whether process shall or shall not be issued against the accused. Thus one who, personally or by a third person for whose conduct he is responsible under the law of agency, presents to a magistrate a sworn charge upon which a warrant of arrest is issued, initiates the criminal proceedings of which the issuance of a warrant is the institution.

"The making of the charge is not actionable, however, under the rule stated in this section unless a prosecution actually results from it, or, in other words, unless criminal proceedings are instituted against the accused by the tribunal or official before whom the charge is made in one of the ways described in section 654. *If no such action results, the fact that a criminal charge has been made and considered by an agency of law enforcement gives no cause of action under the rule stated in this section, since the accused has not been subjected to prosecution as the result of the charge.*" (emphasis supplied)

Restatement (Second) of Torts §654 further explains when criminal proceedings have been instituted such that a claim of malicious prosecution can be raised.

"(2) Criminal proceedings are instituted when

"(a) process is issued for the purpose of bringing the person accused of a criminal offense before an official or tribunal whose function is to determine whether he is guilty of the offense charged, or whether he shall be held for later determination of his guilt or innocence; or

"(b) without the issuance of process an indictment is returned or any information filed against him; or

"(c) he is lawfully arrested on a criminal charge."

The commentary to section 654 is also instructive to this court as to whether a plaintiff who has not been arrested nor indicted for a crime may assert a claim of malicious prosecution.

. . .

"(d) *Formal action required* — Under the rules stated in clauses (a) and (b), formal action must be taken by an official or a tribunal before there can be that institution of criminal proceedings which plain-

tiff must prove in order to make his accuser liable under the rule stated under section 653. *The mere fact that a person has submitted to a magistrate an affidavit for the purpose of securing a warrant for another's arrest or a summons for him to appear at a hearing, does not justify a finding that he has initiated criminal proceedings against the other. The proceedings are not instituted unless and until the warrant or summons is issued."* (emphasis supplied)

Based upon the above-quoted language in the Restatement (Second) of Torts, it is clear that in the case at bar George Pultz did not institute criminal proceedings against Stanley Whitehead such that a malicious prosecution claim can survive. Again, while this court has not found any Pennsylvania cases that specifically deal with this rather narrow issue, we feel that the reasoning contained in the Restatement is sound. This court therefore concludes that in order to establish that criminal proceedings were instituted or initiated, there must be more than a private complaint to a prosecuting attorney. The review by a prosecuting attorney of a private criminal complaint is purely an administrative function. If the prosecuting attorney never institutes criminal proceedings via an indictment, warrant, information or arrest, then a plaintiff cannot establish a malicious prosecution case.

Additionally, plaintiff Kenneth Jones, a co-defendant in the counterclaim, never commenced a criminal proceeding against Stanley Whitehead. Therefore, any claim of malicious prosecution against Kenneth Jones is frivolous and is to be dismissed.

Stanley Whitehead's cause of action for malicious prosecution is dismissed, so must his claim for punitive damages, at count II of his counterclaim, which

is based solely on the cause of action for malicious prosecution. It is obvious that George Pultz and Kenneth Jones, if not liable for malicious prosecution, can certainly not be liable for punitive damages based solely on the underlying claim of malicious prosecution. Therefore, plaintiffs' preliminary objection in the nature of a motion to strike, which the court was treated as a demurrer, is granted. Counts I and II of defendant's counterclaim are dismissed with prejudice.

## Defamation

Defendant, Stanley Whitehead, in count III of his counterclaim has asserted a cause of action for defamation. Additionally, in count IV of his counterclaim, Stanley Whitehead has requested punitive damages based upon the alleged defamation.

Essentially, Stanley Whitehead avers that George Pultz and Kenneth Jones "[o]rally and publicly communicated their intention to commence criminal proceedings against them [sic] based on their alleged business transactions with defendant [sic] said transactions have all been described more fully under the new matter of defendant in this pleading."

Plaintiff's preliminary objections to count III of the counterclaim are in the nature of a demurrer and in the nature of a motion to strike. The demurrer to count III of the counterclaim is based upon truth as a complete defense to a civil action for defamation. However, truth is an affirmative defense to a claim of defamation. As such, it must be pled as new matter in the answer to the counterclaim and not raised as a demurrer to the counterclaim. See Pa.R.C.P. 1030. Therefore, this court denies and dismisses plaintiffs' demurrer to count III of the counterclaim.

Plaintiffs' next preliminary objection is in the nature of a motion to strike count III of the counterclaim for a lack of conformity to law. Plaintiffs claim that defendant did not allege the items of special damages nor did defendant plead the substance of the alleged defamatory publication, the identity of the individuals to whom defamatory statements were published or the dates of publication of the defamatory statements. In *Gross v. United Engineers and Constructors Inc.,* 224 Pa. Super. 233, 302 A.2d 370 (1973), the Pennsylvania Superior Court affirmed a decision of the Court of Common Pleas of Philadelphia which sustained preliminary objections in the nature of a demurrer to a complaint alleging libel and slander. The Superior Court noted that the complaint failed to allege with any particularity the identity of the person or persons to whom the statements were made, and the relationship of that person or persons to the company receiving the alleged communications. *Gordon v. Lancaster Osteopathic Hospital,* 340 Pa. Super. 253, 489 A.2d 1364 (1985).

A review of the counterclaim leads the court to conclude that the cause of action for defamation has not been pled with the requisite specificity. The allegations of defendant are general in nature and they fail to set forth the substance or content of the alleged defamatory statements; the identity of the person or persons making such defamatory comments; the identity of the person or persons to whom these defamatory comments or statements were made and the time or place the alleged defamatory statements were made. Therefore, count III of defendant's counterclaim is stricken for lack of conformity to law. Defendant is granted leave to file an amended counterclaim within 20 days to properly plead the defamation action.

Plaintiff next demurs to count IV of the counterclaim which requests punitive damages based on the cause of action for defamation. While the court has sustained the preliminary objection in the nature of a motion to strike count III of the counterclaim we have also granted defendant leave to file an amended counterclaim. Therefore, this court will not, at this time, grant a preliminary objection striking the punitive damages.

Wherefore, we enter the following

## ORDER OF THE COURT

And now, October 31, 1988, plaintiffs' preliminary objection in the nature of a demurrer to both counts I and II of defendant's counterclaim is granted and counts I and II of defendant's counterclaim are hereby dismissed with prejudice.

Plaintiffs' preliminary objection in the nature of a demurrer to count III is denied and dismissed.

Plaintiffs' preliminary objection in the nature of a motion to strike count III of defendant's counterclaim for lack of conformity to law is granted and count III is stricken. Defendant is granted leave to amend within 20 days.

Plaintiffs' preliminary objection in the nature of a motion to strike count IV of defendant's counterclaim is denied and dismissed.