## Sullivan v. Cornerstone Counseling Inc.

500

C.P. of Adams County, no. 00-S-775.

*Anthony Miley,* for plaintiff.
*Sharon O'Donnell,* for defendants.

SPICER, *P.J.,* November 7, 2000—On July 28, 2000, plaintiff filed a writ of summons against defendants. On August 10, 2000, plaintiff, a former client of defendants, requested copies of her treatment records for the purpose of preparing her complaint. Defendants move for a protective order to preclude plaintiff from seeking the discovery. They argue she is not entitled to pre-complaint production of documents and the records are confidential. Argument was scheduled and heard on October 20, 2000.

Defendants have cited Rule 4001(c)[1] of the Pennsylvania Rules of Civil Procedure in support of their argument that plaintiff's discovery request is not appropriate at this stage of the proceeding. Defendants argue that since "production of documents" is not specifically referenced in the rule, it is not an appropriate method of discovery for the preparation of pleadings. Although plaintiff also refers to Rule 4001(d)[2] we find Rule 4009.11 most instructive. The rule provides:

"Rule 4009.11 Request upon a party for production of documents and things

"(a) The request may be served without leave of court upon the plaintiff after commencement of the action and upon any other party with or after service of the original process upon that party."

A plaintiff has the burden of filing a complaint which supports her cause of action, even though the facts are known to the defendant. *Gross v. United Engineers and Constructors Inc.,* 224 Pa. Super. 233, 302 A.2d 370

---

1. "Rule 4001. Scope. Definitions

"(c) Subject to the provisions of this chapter, any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery, or for preparation of pleadings, or for preparation of trial of a case, or for use at a hearing upon petition, motion or rule, or for any combination of the foregoing purposes."

2. "(d) Subject to the provisions of this chapter, any party may obtain discovery by one or more of the following methods: depositions upon oral examination (Rule 4007.1) or written interrogatories (Rule 4004); written interrogatories to a party (Rule 4005); production of documents and things and entry for inspection and other purposes (Rule 4009); physical and mental examinations (Rule 4010); and requests for admission (Rule 4014)."

(1973). The proper procedure for a plaintiff to obtain the information necessary for the preparation of an adequate complaint is to commence her action by filing a praecipe for a writ. *Id.* In the case before us, original process was filed by writ of summons on July 28, 2000 and served upon defendants on August 10, 2000. Plaintiff's discovery request was served on defendants August 15, 2000.

The remaining issue raised by defendants requires us to consider whether a patient has access to her own confidential drug and alcohol treatment records. Defendants have referred to two federal statutes[3] and one state statute[4] as supporting their motion for protective order and proposition that plaintiff's records should not be disclosed to her.[5] In response, plaintiff has cited numerous cases involving disclosure of mental health records.

We will first review the federal law concerning confidentiality of alcohol and drug abuse patient records. Statutory authority for confidentiality of alcohol abuse patient records is codified at 42 U.S.C. 290dd-3. It provides that records may be disclosed only with the consent of the patient, or in the absence of consent, only in accordance with specified procedures. The scope of protections are found in 42 CFR, part 2. Absent within the statute, but present in the regulations, is a section en-

---

3. 42 U.S.C. §§290(ee-3)(f) and (dd-3)(f); 42 C.F.R. §§ 2.3, 2.4.

4. 71 P.S. §1690.108.

5. Defendants have not raised any issues of redaction in their motion or brief. However, during argument, counsel indicated plaintiff could not have unfettered access to records and would also need to show that a complaint could not be prepared without the requested discovery.

titled "Patient access and restrictions on use." 42 CFR §2.23. This section provides:

"(a) *Patient access not prohibited.* These regulations do not prohibit a program from giving a patient access to his or her own records, including the opportunity to inspect and copy any records that the program maintains about the patient. The program is not required to obtain a patient's written consent or other authorization under these regulations in order to provide such access to the patient."

Confidentiality of patient records is addressed by the Pennsylvania Legislature in 71 P.S. §1690.108.[6] Like its

---

6. "P.S. 71 §1690.108. Confidentiality of records

"(a) A complete medical, social, occupational, and family history shall be obtained as part of the diagnosis, classification and treatment of a patient pursuant to this act. Copies of all pertinent records from other agencies, practitioners, institutions, and medical facilities shall be obtained in order to develop a complete and permanent confidential personal history for purposes of the patient's treatment.

"(b) All patient records (including all records relating to any commitment proceeding) prepared or obtained pursuant to this Act, and all information contained therein, shall remain confidential, and may be disclosed only with the patient's consent and only (i) to medical personnel exclusively for purposes of diagnosis and treatment of the patient or (ii) to government or other officials exclusively for the purpose of obtaining benefits due the patient as a result of his drug or alcohol abuse or drug or alcohol dependence except that in emergency medical situations where the patient's life is in immediate jeopardy, patient records may be released without the patient's consent to proper medical authorities solely for the purpose of providing medical treatment to the patient. Disclosure may be made for purposes unrelated to such treatment or benefits only upon an order of a court of common pleas after application showing good cause therefor. In determining whether there is good cause for disclosure, the court shall weigh the

federal counterpart, the Pennsylvania statute permits dis-closure only with the patient's consent or without consent in emergency situations. In ascertaining legislative intent, courts are to presume that the General Assembly did not intend an unreasonable result. 1 Pa.C.S. §1922(i). While we understand that sometimes disclosure of a patient's treatment records to the patient may not be therapeutic, it is unreasonable to deny a patient access to her own information. The purpose of the privilege is to encourage diagnosis and treatment.[7] We believe the right to claim a privilege is a personal one belonging to the individual protected by the statute. A patient should not

---

need for the information sought to be disclosed against the possible harm of disclosure to the person to whom such information pertains, the physician-patient relationship, and to the treatment services, and may condition disclosure of the information upon any appropriate safeguards. No such records or information may be used to initiate, or substantiate criminal charges against a patient under any circumstances.

"(c) All patient records and all information contained therein relating to drug or alcohol abuse or drug or alcohol dependence prepared or obtained by a private practitioner, hospital, clinic, drug rehabilitation or drug treatment center shall remain confidential and may be disclosed only with the patient's consent and only (i) to medical personnel exclusively for purposes of diagnosis and treatment of the patient or (ii) to government or other officials exclusively for the purpose of obtaining benefits due the patient as a result of his drug or alcohol abuse, or drug or alcohol dependence except that in emergency medical situations where the patient's life is in immediate jeopardy, patient records may be released without the patient's consent to proper medical authorities solely for the purpose of providing medical treatment to the patient. 1972, April 14, P.L. 221, no. 63, §8."

7. For further discussion of the privilege see Terrence M. Slaven, *Who Holds The Key? Lawyers Access to Drug and Alcohol Abuse Treatment Records,* 23 Ariz. B.J. 8 (1988).

have to engage in legal proceedings in her quest for copies of her own treatment records.

Accordingly, the attached order is entered.

## ORDER

And now, November 7, 2000, defendants' motion for protective order is denied and they are directed to provide plaintiff with the requested documents.