COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SELENA E. MOLINA
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report: November 29, 2022
Date Submitted: August 26, 2022

Seth Thompson, Esquire
Parkowski, Guerke, & Swayze, P.A.
1105 N. Market Street, 19th Floor
Wilmington, DE 19801

Timothy Burley, *pro se*
2209 Washington Street
Wilmington, DE 19802

AND

620 N. Broom Street
Wilmington DE, 19805

Re: *Deutsche Bank National Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS6 v. Timothy Burley*,
C.A. No. 2017-0912-SEM

Dear Counsel and Parties:

This decision addresses the motion to compel filed by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS6 (the "Plaintiff") and the responses filed by Timothy Burley (the "Defendant").[1] I find the motion should be granted as explained herein.

---

[1] Docket Item ("D.I.") 45, 49, 51–52.

## I.    BACKGROUND

In this report I assume the reader's familiarity with the facts of this case, which were summarized in my May 6, 2020 final report, and adopted by Chancellor Bouchard on May 21, 2020.[2]   In the interest of clarity, I will only address the background directly relevant to my holdings herein.

On December 22, 2017, the Plaintiff filed a complaint seeking an in *rem scire facias sur* mortgage foreclosure and equitable subrogation.[3] The Defendant filed an answer to the complaint on January 26, 2018.[4] The Plaintiff then filed a motion for partial judgment on the pleadings for its equitable subrogation claim on July 12, 2019.[5] I issued a final report on May 6, 2020, denying that motion and finding the "equitable issues at stake should be weighed and adjudged on a more-developed factual record."[6]   Neither party filed exceptions to my report and it was adopted as an order of the Court on May 21, 2020.[7]

---

[2] D.I. 34–35.

[3] D.I. 1.

[4] D.I. 6.

[5] D.I. 15.

[6] D.I. 34, p. 7.

[7] D.I. 35.

On March 18, 2022, the Defendant filed a motion to dismiss the case and stated that the Defendant's signature on the mortgage was forged, defeating the Plaintiff's claims.[8] The Defendant further expressed that my final report on the motion for partial judgment on the pleadings evidenced that the Plaintiff failed to prove equitable subrogation.[9] I denied this second attempt for a pleading-stage dismissal on June 16, 2022.[10] In my denial order, I explained that additional discovery was necessary to resolve factual disputes and advised "[t]he parties shall continue to work together to complete discovery."[11] To that end, I required the Defendant to file a response to the Plaintiff's May 5, 2022 motion to compel (the "Motion") by June 30, 2022.[12]

The relevant procedural posture of the Motion is as follows: The Plaintiff served the Defendant a request for production of documents (the "RFP") and interrogatories (the "Interrogatories") in June 2020.[13] On July 31, 2020, having

---

[8] D.I. 40.

[9] *Id.* ¶ 9 ("The [p]laintiff failed to prove [e]quitable [s]ubrogation as per the Judge's Final Order.").

[10] D.I. 48. I stayed exceptions to this order pending a final decision on the merits. *Id.*

[11] *Id.*

[12] *Id.*

[13] D.I. 45, ¶ 4; *see* D.I. 45, Exh. 1.; D.I. 45, ¶ 5; D.I. 45, Exh. 3.

received no response, the Plaintiff wrote to the Defendant explaining that responses were overdue, providing a link to the Court of Chancery Rules, offering an extension until August 11, 2020, and warning that if the Defendant failed to respond, the Plaintiff would move for relief and seek fees.[14]

Thereafter, on or about August 25, 2020, the Defendant responded to the RFP and the Interrogatories (the "First Response").[15] The Plaintiff thereafter served the Defendant with a request for admissions (the "RFA") on or about June 24, 2021.[16] To date, the Defendant has not answered any requests in the RFA.[17]

Concerned about the sufficiency of the First Response and the failure to respond to the RFA, the Plaintiff sent the Defendant a deficiency letter on March 4, 2022 (the "Deficiency Letter").[18] In the Deficiency Letter, the Plaintiff identified the purported deficiencies in detail, with citations to the Court of Chancery Rules.[19]

---

[14] D.I. 45, Ex. 7.

[15] D.I. 45, ¶ 4; *see* D.I. 45, Exh. 2.; D.I. 45, ¶ 5; D.I. 45, Exh. 4.

[16] D.I. 45, ¶ 6; *see* D.I. 46, Exh. 5.

[17] *See* D.I. 45, ¶ 6.

[18] D.I. 45, Ex. 6.

[19] *Id.* ("In an effort to clarify what is requested, I have detailed the various deficiencies below and included a demand for you to take certain curative action to remedy the deficiencies. If you have any questions or comments, please contact me within 10 days of this letter's date so that we can schedule a phone or office conference to address the issues noted [in this letter.]").

For the RFP, the Plaintiff explained that the Defendant failed to produce any documents and identified deficiencies with RFP # 2–5, 7, 9–11, and 14–15.[20] The Plaintiff also identified deficiencies with the Interrogatories.[21] Specifically, the Plaintiff called out Interrogatories # 9, 11–13, 15, 17, 20–21, 23–25, and 29–30.[22] The Plaintiff asked for curative responses to the RFPs, document production, and supplemental answers to the Interrogatories by March 23, 2022.[23]

The Plaintiff further notified the Defendant in the Deficiency Letter that "failure to adequately respond to Plaintiff's discovery requests may prompt the need to file a Motion to Compel with the Court" and that the Defendant's "failure to make discovery can result in the Court ordering [him] to pay Plaintiff's costs and attorney's fees with respect to noncompliance, . . . imposing other sanctions (including monetary fines) on [him], or both."[24]

The Defendant did not respond to the Deficiency letter, and the Plaintiff filed the Motion on May 5, 2022.[25] The Defendant did not promptly respond to the

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] D.I. 45.

Motion, which led to my direction that he do so by June 30, 2022.[26] He failed to comply. Rather, the Defendant filed another answer to the RFP on July 13, 2022 (the "Second Response").[27] Therein, the Defendant acknowledged that his response was untimely but averred "this case has become somewhat redundant. I have already answered the questions presented by the Plaintiff."[28] Other than an initial recitation of the Defendant's theory of the case, the Second Response merely copied the earlier responses to the RFP in the First Response.[29]

The Plaintiff replied on July 27, 2022 that the Defendant's filing failed to respond to the specific deficiencies identified by the Plaintiff in the Deficiency Letter.[30] Thereafter, on August 26, 2022, the Defendant filed an additional response to the RFP (the "Third Response").[31] The Third Response provided more detail than the prior versions and attached exhibits A–F containing information requests sent to Chase Miller of McCabe, Weisberg, & Conway, P.C., mortgage payments to OCWEN/GMAC Mortgage, borrower disbursements from Alan Hodesblatt, email

---

[26] D.I. 48, ¶ 5; *see* D.I. 48, ¶ 4.

[27] D.I. 49.

[28] *Id.*

[29] *Compare id.*, *with* D.I. 45, Ex. 2.

[30] *See* D.I. 51.

[31] D.I. 52.

communications purporting to show that the Defendant was denied an equity loan due to the foreclosure, email communications purporting to show correspondence about the Register of Deeds, and court filings identifying the date and time of Alan Hodesblatt's deposition.[32] With this filing, I took the Motion under advisement.

## II. ANALYSIS

Under Court of Chancery Rule 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"[33] The scope of permissible discovery is broad, and the burden is on the objecting party to show why the information is improperly requested.[34] Under Rule 37, if a motion to compel discovery responses is granted or the requested discovery is later produced:

> the Court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including the attorney's fees, unless the Court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.[35]

---

[32] *Id.*

[33] Ct. Ch. R. 26(b)(1).

[34] *See Prod. Res. Grp., L.L.C. v. NCT Grp., Inc.*, 863 A.2d 772, 802 (Del. Ch. 2004).

[35] Ct. Ch. R. 37(a)(4)(A). Fee shifting goes the other direction if the motion is denied and, if denied in part and granted in part, this Court "apportion[s] the reasonable expenses

Under this guise, the Plaintiff seeks an order (1) compelling production of documents and responses to the Interrogatories, (2) declaring that the requests in the RFA are deemed admitted, and (3) shifting fees and expenses. I first address whether the Defendant failed to respond adequately to the discovery requests, and then whether fee shifting is appropriate.

### A.    The RFP

The Plaintiff argues that the Defendant failed to fully respond to the RFP under Court of Chancery Rule 34. I agree. Under Court of Chancery Rule 34, the Defendant was required to state, in response to each numbered item in the RFP:

> that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the grounds and reasons for objection(s) shall be stated with specificity. . . . If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.[36]

The First Response did not specify if production would be forthcoming or any objections to the requests, in full or in part. Rather, it largely referenced unspecified records filed in this Court and the Superior Court. As explained in the Deficiency

---

incurred in relation to the motion among the parties and the persons in a just manner." *Id.* at (a)(4)(B)–(C).

[36] Ct. Ch. R. 34(b).

Letter, such responses left the Plaintiff guessing. Despite the detail in the Deficiency Letter, the Defendant merely copied his First Response into the Second Response after providing his theory of the case. These responses were deficient.

With the Third Response, however, the Defendant is now moving in the right direction. Therein, the Defendant has made a good faith effort to respond to the requests and identify responsive documents, several of which he attached to the Third Response. It is unclear, however, if his production is complete. For example, the Defendant references multiple emails with the Attorney General's office, which are not included in his exhibits. Given this uncertainty, the Defendant should be compelled to produce all responsive, non-privileged documents within twenty (20) days. The Defendant is warned that he may be foreclosed from relying on any document that he does not produce within this twenty (20) day period, unless he shows good cause.

### B. The Interrogatories

The Plaintiff argues that the Defendant failed to fully respond to the Interrogatories under Court of Chancery Rule 33. I agree. Under Court of Chancery Rule 33, each interrogatory "shall be answered separately and fully in writing under

oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."[37]

Many of the Defendant's answers did not, however, fully respond to the interrogatory. For example, in response to #11, the Defendant failed to identify communications with the Plaintiff or its predecessors-in-interest, despite disclosing various communications in his Third Response to the RFP. This deficiency was brought to the Defendant's attention through the Deficiency Letter. He has failed to address it and the various other deficiencies noted. I find the Defendant should be required to supplement his answers to the Interrogatories within twenty (20) days. He should do so by answering each deficiency identified in the Deficiency Letter.

## C.    The RFA

The Plaintiff argues that the Defendant failed to respond to the RFA under Court of Chancery Rule 36. Under Court of Chancery Rule 36, a request for admission is deemed "admitted unless, within 30 days after service of the request, or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's

---

[37] Ct. Ch. R. 33(b)(1).

attorney[.]"[38]  The Defendant has failed to respond to the RFA; thus, all requests should be deemed admitted.

### D.    Fees

Having found the Motion should be granted, I must also shift fees under Court of Chancery Rule 37(a)(4)(A) unless the Defendant's opposition to the Motion was "substantially justified or . . . other circumstances make an award of expenses unjust."[39]  It is Defendant's burden to prove his actions were justified or the surrounding circumstances make the award unjust.[40]  In deciding whether the Defendant met his burden, I remain cognizant that this Court views *pro se* filings with forgiving eyes.[41] But, even with forgiving eyes, I find fees should be shifted.

The Defendant argues that he "answered the questions honestly and to the best of [his] ability based on the documentation [he has] received from public record, [the Plaintiff's] predecessors, the internet, and [his] own common sense."[42]  But his answers, instead, reflect an air of defiance.  The Defendant does not see merit in this

---

[38] Ct. Ch. R. 36.

[39] Ct. Ch. R. 37(a)(4)(A).

[40] *See, e.g.*, *Bader v. Fisher*, 504 A.2d 1091, 1096 (Del. 1986) (citing *Wileman v. Signal Fin. Corp.*, 385 A.2d 689 (1978)).

[41] *See Hall v. Coupe*, 2016 WL 3094406, at *2 (Del. Ch. May 25, 2016).

[42] D.I. 49.

action and has not shied away from stating as much.[43]  Directly in response to the request for fee shifting, the Defendant argues: "it is completely absurd and an insult for the Plaintiff to request for [the Defendant], a Victim of Fraud committed by their predecessors, to cover the expenses they've incurred in an effort to concoct a case of no substance."[44]  But the Defendant's ire is misplaced.

The request for fee shifting is justified and warranted under this Court's rules. The Defendant was warned of potential shifting in the Plaintiff's initial letter in July 2020 and the Deficiency Letter, which was sent to the Defendant in March 2022.  He was reminded again in my June 2022 order that this action would not be dismissed on the pleadings, that discovery would continue, and that the parties were expected and required to work together to complete discovery.  But he failed to heed the Plaintiff's warnings or rise to meet the Court's expectations.

With forgiving eyes, perhaps I could accept the First Response as a product of the Defendant's *pro se* status and lack of familiarity with the Court's rules and discovery in general.  But after the Plaintiff's letters, which included direct citation to the Court's rules, the Defendant's excuses deflate.  Through those letters, the

---

[43] For example, in his response to the Motion, the Defendant chastises the Court and the Plaintiff for failing "to see the obvious."  D.I. 49.

[44] D.I. 49.

Defendant was provided detailed explanations of the alleged deficiencies and an offer from the Plaintiff's counsel to discuss. But, rather than work cooperatively with the Plaintiff, the Defendant sat silent, delayed, and, when compelled by my order to respond to the Motion, responded late and only in part. His partial response fails to demonstrate that his conduct was substantially justified, nor does he identify other circumstances that make an award of expenses unjust.

The Defendant should be required to pay the Plaintiff's reasonable fees and expenses incurred in connection with the Motion. Such payment should be stayed, however, until a final decision on the merits of this action is issued. Within ten (10) days of a final decision on the merits, the Plaintiff may file an affidavit under Court of Chancery Rule 88; the Defendant may respond within ten (10) days of such filing. A separate order will then be issued on the amount of fees and expenses to be shifted.

## III. CONCLUSION

For the foregoing reasons, I find the Motion should be granted. The Defendant shall produce all responsive documents and serve supplemental answers to the Interrogatories within twenty (20) days, addressing all deficiencies noted in the Deficiency Letter. All requests in the RFA are deemed admitted. The Plaintiff's fees and expenses incurred in connection with the Motion will be shifted in a

reasonable amount to be determined after a decision on the merits and compliance with Court of Chancery Rule 88.

The parties are further directed to meet and confer on scheduling and file a proposed schedule, or competing schedules, within 45 days.

This is my final report and exceptions under Court of Chancery Rule 144 are stayed until a final report is issued on the merits.

Respectfully submitted,

/s/ *Selena E. Molina*

Master in Chancery